# CLERK'S RECORD

### Volume 1 OF 1
### Trial Court Cause No. 114-0648-13

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/26/2014 11:16:28 AM
CATHY S. LUSK
Clerk

## In the 114TH DISTRICT COURT  District Court of Smith County, Texas

### Honorable Christi Kennedy, Judge Presiding

## STATE OF TEXAS, APPELLANT(S)

## VS.

## JOSEPH MICHAEL PIERCE, Appellee(s)

### Appealed to the
### Court of Appeals for the 12th District of Texas at Tyler, Texas

**Attorney for Appellant(s):**

| | |
|---|---|
| Name: | HUGGLER, JAMES W., JR. |
| Address: | 100 E FERGUSON #305 |
| | Tyler, Texas 75702 |
| Telephone no: | 903-593-2400 |
| Fax no. | 903-593-3830 |
| SBOT No. | 00795437 |

**Attorney For**   JOSEPH MICHAEL PIERCE , **Appellant's**

### Delivered to the
### Court of Appeals for the 12th District of Texas at Tyler, Texas
### on the 26th of March, 2014

**Lois Rogers, Smith County District Clerk**

By:  **/S/ LINDA RHYMES**
**LINDA RHYMES** , Deputy

Appellate Court Cause No. _____

### Filed in the
### Court of Appeals for the 12th District of Texas at Tyler, Texas,
### on the _____ day of _____, 2014



Smith County Courthouse
100 N. Broadway, Room 204
Tyler, Texas 75702

# Lois Rogers
## Smith County District Clerk

(903) 590-1672
Fax (903) 590-1661
TTY/TDD (903) 590-1673

In the  114TH DISTRICT COURT of Smith County,

Texas, the Honorable,   Christi Kennedy   Judge

Presiding, the following proceedings were held and the following

instruments and other  papers were filed in this cause, to wit:


Trial Court Cause No.  114-0648-13

STATE OF TEXAS, Appellant

vs.

JOSEPH MICHAEL PIERCE, Appellee

# Table of Contents
### Volume     1 OF 1
### Cause No.    114-0648-13
### NAME: JOSEPH MICHAEL PIERCE

| | | |
|---|---|---|
| 1. | INDICTMENT 05-16-13 | 1 |
| 2. | CONDITIONS OF BOND 05-28-13 | 3 |
| 3. | WAIVER OF ARRAIGNMENT 05-31-13 | 4 |
| 4. | CAPIAS 05-31-13 | 5 |
| 5. | STATE'S PRE-TRIAL MOTIONS AND ORDERS 06-25-13 | 7 |
| 6. | LETTER FROM DEFENDANT 06-27-13 | 23 |
| 7. | DEFENDANT'S MOTION TO REDUCE BAIL OR FOR RELEASE ON PERSONAL BOND 07-09-13 | 24 |
| 8. | ORDER SETTING HEARING 07-10-13 | 27 |
| 9. | STATE'S MOTION FOR JOINDER OF CASES 07-11-13 | 28 |
| 10. | LETTER FROM JASON ELLIS 07-28-13 | 30 |
| 11. | FELONY DISCOVERY SUPPLEMENT FORM 07-11-13 | 31 |
| 12. | ORDER SETTING HEARING 07-31-13 | 32 |
| 13. | MOTION TO SEVER 08-05-13 | 33 |
| 14. | LETTER FROM DEFENDANT- MOTION TO PRESERVE EVIDENCE 08-16-13 | 35 |
| 15. | REQUEST FOR SUBPOENAS 08-22-13 | 38 |
| 16. | REQUEST FOR SUPBONEAS 09-03-13 | 39 |
| 17. | STATE'S 2ND RESPONSE TO REQUEST TO LIST WITNESSES 09-05-13 | 40 |
| 18. | ORDER & MOTION FOR CONTINUANCE 09-09-13 | 41 |
| 19. | REQUEST FOR CRIMINAL SUPEONA DUCE TECUM 09-13-13 | 45 |
| 20. | REQUEST FOR SUBPOENAS 09-14-13 | 49 |

21.   STATE'S 3RD RESPONSE TO REQUEST TO LIST WITNESSES 10-14-13       50

22.   REQUEST FOR SUBPOENA 10-18-13                                    51

23.   ORDER SETTING HEARING 13-18-13                                   53

24.   ORDER ON DEFENDANT'S MOTION TO SUPPRESS 12-18-13                 54

25.   ORDER ON MOTION FOR NOTICE OF DEFENSE EXPERT 12-18-13            55

26.   LETTERS FROM DEFENDANT 12-27-13                                  56

27.   REQUEST FOR SUBPOENAS 01-16-14                                   59

28.   REQUEST FOR SUBPOENAS 01-23-14                                   60

29.   INVENTORY/RECEIPT/RELEASE FOR EXHIBITS 02-17-14                  61

30.   CHANGE IN STATUS IN CRIMINAL CASE 02-24-14                       62

31.   DEFENDANT'S MOTION TO ELECT THE JURY TO ASSESS PUNISHMENT 02-24-14   63

32.   ORDER APPOINTING ATTORNEY 02-26-14                               65

33.   CHARGE OF THE COURT 02-26-14                                     67

34.   WE HAVE A VERDICT 02-26-14                                       88

35.   CHARGE OF THE COURT 02-26-14                                     89

36.   VERDICT FORM 02-26-14                                            97

37.   NOTE FROM THE JURY 02-26-14                                      99

38.   PAUPER'S OATH 02-26-14                                           100

39.   TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL 02-26-14   102

40.   NOTICE OF APPEAL 02-26-14                                        103

41.   WRITTEN DESIGNATION FOR CLERK'S RECORD 02-26-14                  104

42.   REQUEST AND ORDER FOR PREPRATION OF CLERK'S RECORD 02-26-14      106

43.    MOTION AND ORDER FOR FREE REPORTER'S RECORD 02-26-14        109

44.    JUDGMENT OF CONVICTION BY JURY 03-11-14                     113
45.    BILL OF COST 03-19-14                                       116

46.    CRIMINAL DOCKET SHEET                                       117

# INDICTMENT

114-0648-13

| THE STATE OF TEXAS | IN THE 7TH DISTRICT COURT |
| VS | OF |
| | SMITH COUNTY, TEXAS |
| JOSEPH MICHAEL PIERCE | 3599000 5   Fl |

CHARGE:   Manufacture/Delivery of Controlled Substance   ARTICLE: 481.112  CONTROL #: 13-01457

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the January-June Term, 2013, of the 7TH Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court that on or about the 22nd day of February, 2013, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, JOSEPH MICHAEL PIERCE did then and there knowingly possess, with intent to deliver, a controlled substance, namely, methamphetamine, in an amount of 400 grams or more, including any adulterants and dilutants;



MAY 1 6 2013

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Original – Pink          State's Copy – Green          Defendant's Copy – Canary

1

**THE STATE OF TEXAS**
**COUNTY OF SMITH**

I, Lois Rogers, Clerk of the District Court within and for the County and State aforesaid, do hereby certify that the foregoing contains a true and correct copy of the Indictment in Cause No. _____, of the State of Texas vs _____ as now on file in this office.

IN TESTIMONY WHEREOF I hereto set my hand and seal, this _____ day of _____, A.D. 20_____.

By_____
　　　　　　　Deputy

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　LOIS ROGERS
　　　　　　　　　　　　　　　　　　　　Clerk of the District Court
　　　　　　　　　　　　　　　　　　　　　Smith County, Texas

NO._____

THE STATE OF TEXAS
VS

**INDICTMENT**

OFFENSE

D. Matt Bingham
Criminal District Attorney
Smith County, Texas

A TRUE BILL

_____
Foreman of the Grand Jury

AMOUNT OF BAIL: $250,000.00 *wwwwwww*

File this _____
　　　　day of _____
20____

_____
LOIS ROGERS
Clerk of the District Court
Smith County, Texas

BY:_____
　　　　　　Deputy

WITNESSES

**CONDITIONS OF BOND**



FILED
MAY 2 8 2013

CLERK 114th JUDICIAL DIST. COURT, SMITH CO. TX
BY _____ DEPUTY

CAUSE NUMBER: **114-0648-13**
STATE OF TEXAS VS **JOSEPH PIERCE**
BOND SET: **$250,000.00**
OFFENSE: **MANUFACTURE/DELIVERY OF CONTROLLED SUBSTANCE**

The Court ORDERS that any bond posted by the Defendant in this cause shall also include the requirement that the Defendant agree to comply fully with these terms and conditions of bond:

1. The Defendant shall submit to testing on a weekly basis and as requested for the presence of a controlled substance in the defendant's body. The Defendant is ordered to report to the Smith County Adult Probation Department located at the Smith County Office Building, 106 E. Elm, Tyler, Texas and submit to a weekly test for the presence of a controlled substance in the Defendant's body. If the Defendant fails to report and/or submit to such testing for controlled substance and/or the test indicates the presence of a controlled substance in the Defendant's body, the Court may order ex-parte that this bond be revoked and order the Defendant arrested and a new bond be set by the Court. The Court orders that the costs of such testing be paid by the defendant prior to such test.

2. The Defendant is ORDERED to immediately report to the Adult Probation Department, Pre-trial Release Officer, upon release from the Smith County Jail, and remain there until said defendant receives the supervision instruction in this case.

3. The Defendant is ordered not to use, possess or consume any alcoholic beverage, illegal drug or narcotic as a condition of this bond.

4. OBEY THE LAW

If a violation of the conditions of bond report is filed with the court alleging the defendant has violated any condition of bail/bond, the trial court may ex-parte order that the defendant's bond be revoked and order the Defendant arrested and a new bail amount with conditions set by the trial court. The defendant may file with the court a request for hearing on the bond violation report and is entitled to be represented by counsel at said hearing.

SIGNED AND ORDERED THIS THE ___28___ DAY OF ___May___, 2013.

_____
JUDGE CHRISTI KENNEDY
114TH JUDICIAL DISTRICT COURT

I, THE ABOVE NAMED DEFENDANT, UPON POSTING OF THE ABOVE SET OUT BOND AMOUNT, NOW HEREBY ACKNOWLEDGE THAT I HAVE RECEIVED A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING CONDITIONS OF SAID BOND, I HAVE READ SAME, I UNDERSTAND THESE CONDITIONS, I READ AND UNDERSTAND THE ENGLISH LANGUAGE, AND I EXPRESSLY AGREE TO ABIDE STRICTLY BY THOSE TERMS AND CONDITIONS OF BOND. SIGNED THIS THE _____ DAY OF _____ 2013.

_____
DEFENDANT

ADDRESS: _____

_____

WITNESSES:

PHONE NUMBER: _____

_____

3

CAUSE NUMBER *114-0648-13*

| STATE OF TEXAS | X | IN THE 114TH JUDICIAL |
| VS | X | DISTRICT COURT OF |
| *Joseph M. Pierce* | X | SMITH COUNTY, TEXAS |

## WAIVER OF ARRAIGNMENT

COMES NOW, *Joseph M. Pierce* , Defendant in the above numbered and entitled cause of action and his/her attorney of record named below, and files this Waiver of Arraignment.

Said Defendant would show the Court that:

**1.** Defendant and said attorney have full knowledge that the Defendant has heretofore been indicted in this cause in the 114th Judicial Court of Smith County, Texas, ~~Texas.~~

**2.** Defendant has received a copy of said indictment and understands fully the allegations contained herein;

**3.** Defendant is fully aware that the Defendant is entitled to be arraigned in open Court in this cause but said Defendant and counsel wish to waive such formal arraignment and the reading of the indictment in this cause;

**4.** Defendant would further state to the Court that the Defendant's name, as set forth in the indictment be correctly spelled;

**5.** Defendant and his/her attorney hereby waive said formal arraignment and reading of the indictment, and enter this waiver as the appearance of said Defendant.

**6.** Defendant herein enters his/her plea of "Not Guilty" to the offense as charged in the indictment and would ask the Court to enter this waiver for all purposes of arraignment.

SIGNED this the _30th_ day of _May_ , 20 _13_ .

_Joseph Kerr_

DEFENDANT
Print Name: _Joseph M. Pierce_

_LaJuanda T. Lacy_

Attorney for Defendant
Print Name: _LaJuanda T. Lacy_
Bar No.: _11810560_
Address: _2419 Cecil Ave_
_Tyler, Tx 75702_
Phone: (_903_) _592-8335_

## ORDER APPROVING WAIVER

On this date, the Waiver of Arraignment was filed by the above named Defendant in the above numbered and entitled cause in the 114th Judicial District Court and said Waiver of Arraignment is hereby accepted and ordered entered open the minutes of the Court for all purposes of arraignment in this cause.

Please be informed that this court has issued a Standing pre-Trial Management order affecting this criminal case. A copy of said order may be obtained from the Court's Administrator. All parties and counsel are held responsible for compliance with said standing order.

F I L E D

MAY 31 2013

LOIS ROGERS
DIST COURT

SIGNED this the _31st_ day of _May_ , 20 _13_ .

**CHRISTY KENNEDY**
**JUDGE, 114TH JUDICIAL DISTRICT COURT**

White - Court Original • Canary - Defendant's Copy • Pink - Plaintiff's Copy

4




CAUSE NO. 114-0648-13






| THE STATE OF TEXAS | IN THE 114TH JUDICIAL |
| VS. | DISTRICT COURT OF |
| **Joseph Michael Pierce** | SMITH COUNTY, TEXAS |

ADDRESS: 9420 TRENDALE  Greenwell Springs LA 70739
D.O.B.: **08/09/78**; TX DL: **LA-7665240**
RACE: **White**; SEX: **M**; SSN: **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**
WT: **205**; HT: **511**; HAIR: **Brown**; EYES: **Blue**
BOND AMOUNT: **$250,000.00W/COND**



### THE STATE OF TEXAS

TO ANY **PEACE OFFICER** OF THE STATE OF TEXAS, GREETINGS:

**YOU ARE HEREBY COMMANDED** to arrest Joseph Michael Pierce and safely keep said Defendant, so that you have said Defendant before the Honorable District Court of the 114TH Judicial District of Texas, sitting in and for Smith County, Texas, at the Courthouse of said County, in the City of Tyler, Texas, INSTANTER this term of said Court, then and there to answer THE STATE OF TEXAS upon an INDICTMENT in said Court pending, wherein said Defendant is charged with the offense of POSS CS PG 1 >=400G in violation of the Penal Laws of said State.

**HEREIN FAIL NOT,** but of this Writ make due return **INSTANTER**, with your action thereon.

**WITNESS** my signature and official seal of office in the City of Tyler, Texas, on this date: May 3rd, 2013

(SEAL)

_____
CHRISTI KENNEDY
JUDGE, 114TH DISTRICT COURT
SMITH COUNTY, TEXAS

LOIS ROGERS, DISTRICT CLERK
114TH DISTRICT COURT
SMITH COUNTY, TEXAS

BY: _____
APRIL FOX, DEPUTY

### SHERIFF'S RETURN



Came to hand the _____ day of _____, A.D., 201___, and executed on the _____ day of _____, A.D., 201___ by arresting the within named Defendant, Joseph Michael Pierce who has (given bond) (been placed in jail) _____ Released on _____ the _____ day of _____, 201___

Fees: Making arrest.... $_____
_____ Miles going b/p/r/c.........
_____ Miles returning b/_____

SHERIFF/CONSTABLE

TOTAL $_____ _____ COUNTY,
TEXAS

BY: _____
DEPUTY SHERIFF/CONSTABLE

ORIGINAL

5

DATE: 05-29-2013 04:21:44 PM    Type: Sent

SUBJECT:    AM: SCCM
Message:
Reference: 03S1000055
Msg ID   : 03S1000055
Msg Key  : AM
Date/Time: 20130529162144
Ent Agy  :
Requester:
User     :
ORI      : TX21200C1
Source   :
Dest     : SCCM
Control  :
Summary  : AM: SCCM

TXT: SMITH CO WARRANTS
SMITH CO JAIL    ATTN:BOOK IN     SUBJECT ALREADY IN JAIL
PIERCE,JOSEPH MICHAEL    M/W    08/09/1978
114-0648-13/POSS CS PG 1 >=400G/BOND 250000 W/COND
SMITH CO WARRANTS   JP

DISSEMINATED ON TLETS FOR CRIMINAL JUSTICE PURPOSES ONLY.

**6**

# FELONY DISCOVERY COMPLIANCE FORM
# SMITH COUNTY DISTRICT ATTORNEY'S OFFICE

FILED

**DATE:** June 24, 2013

JUN 28 2013

**TO:** COURT / DEFENSE ATTORNEY
**DEFENDANT:** Joseph Michael Pierce
**OFFENSE:** Manufacture/Delivery of Controlled Substance
**CAUSE #:** 114-0648-13

LOIS ROGERS
CLERK, 114th JUD. DIST. COURT, SMITH CO., TX
BY _____ DEPUTY

I. **WITNESS LIST:** (X) States Response to Request to List Witnesses / ( ) See attached subpoena request
   - (X) Any and all law enforcement agents, civilians, and/or individuals listed and/or mentioned in offense reports, laboratory reports, and any other material provided through discovery and/or attached hereto.

II. **ADDITIONAL WITNESSES:**
   - (X) a) for purposes of proving identity of defendant with regard to evidence or prior offenses:
     Inv. Craig Williams (TPD), Sgt. Jeff Rackliff (TPD), Inv. Donald Malmstrom (TPD), Inv. Noel Martin (SCSO), Inv. Justin Hall, Inv. Travis Breazeale and any other current or former officer with the Tyler Police Department or Smith County Sheriff's Office, any current or former prosecutor, or any current or former probation or parole officer.
   - (X) b) Jo Ann Williamson, Christi McDowell, Ken Tullos or any other custodian of law enforcement property rooms.
   - (X) c) Nelson Downing, Chet Thomas, Jay Zehran, or any other current or former employee or agent of Smith County Juvenile Services, Gerald Hayden, Clifford Balch or any other current or former employee of Smith County Adult Probation Services, and/or any current or former parole officer with the State of Texas to offer testimony at punishment stage.
   - (X) d) Linda McDonald (TPD), Yolanda Muhammad (9-1-1 Center), or any other current or former dispatcher or call taker.

   **EXPERT WITNESSES:**
   - (X) a) Scott Brown (DPS) - Technical Supervisor, Sgt. Ricky White (DPS), Sgt. Jimmy Jackson (DPS), Sgt. Adam Nelson (DPS), Trooper Nicholas Castle (DPS), or Trooper Steven Hodge (DPS) - Drug Recognition Experts, on all cases involving the possession or consumption of alcohol or any controlled substance.
   - (X) b) D. Keith Pridgen, Claybion Cloud, Karen Ream, Karen Shumate, Chance Cline, Eloisa Esparza, Karen Collins, Stephanie Jackson, Caroline Allen, Robert Prince, and/or Nathan Tunnell (DPS Laboratory - Tyler).

III. **PHYSICAL EVIDENCE:**
   - (✓) Photos, Diagrams
   - (✓) Narcotics and Paraphernalia
   - ( ) See Lab Report Attached
   - (X) All physical evidence is available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.
   - ( ) See Property Report Attached
   - (✓) Video
   - ( ) Other _____

IV. **WRITTEN CONFESSION:** ( ) yes (✓) no ( ) see attached

V. **ORAL STATEMENTS:** (✓) yes ( ) no ( ) see attached

VI. **VIDEO STATEMENTS:** All videos and/or photographs are available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.
   - ( ) a) Defendant: (✓) yes ( ) no
   - ( ) b) Witness: (✓) yes ( ) no ( ) available pursuant to Rule 615 of Texas Rules of Evidence

VII. **DEFENDANT'S PRIOR CRIMINAL RECORD:** ( ) none (✓) attached ( ) pen pack available for inspection
   - (X) all other convictions detailed in attached criminal history

VIII. (X) STATE INTENDS TO OFFER EXTRANEOUS OFFENSES OR BAD ACTS INCLUDED IN ATTACHED DOCUMENTS, AND PROVIDED THROUGH DISCOVERY, INCLUDING DEFENDANT'S PRIOR CRIMINAL HISTORY AS WELL AS ANY BOND VIOLATION COMMITTED BY THE DEFENDANT WHILE ON BOND FOR THIS OFFENSE, UNDER 404(B) AND 609 RULES OF EVIDENCE AND 37.07(3)(G) CODE OF CRIMINAL PROCEDURE

IX. The State requests notice of the name and address of each person the Defendant may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence, pursuant to Article 39.14(b), Texas Code of Criminal Procedure.

X. **EXCULPATORY EVIDENCE:** (X) see attached

XI. THIS CERTIFIES THAT BATES STAMPED DOCUMENTS, NUMBERED ___1___ THROUGH _65_, WERE MADE AVAILABLE TO DEFENSE COUNSEL ON THE ABOVE FILE-MARKED DATE.

7

CAUSE NUMBER 114-0648-13

**THE STATE OF TEXAS**

§ FILED 5

**VS.**

§

**Joseph Michael Pierce**

LOIS ROGERS
CLERK, 114th JUD DIST. COURT, SMITH CO. TX
BY

IN THE 114TH JUDICIAL

DISTRICT COURT OF

SMITH COUNTY, TEXAS

## <u>STATES NOTICE OF INTENT TO OFFER EVIDENCE UNDER ARTICLE 404 (b), 609 OF THE TEXAS RULES OF CRIMINAL EVIDENCE AND ARTICLE 37.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, the State of Texas, by and through **JACOB PUTMAN**, and provides written notice of its intent to offer evidence under Article 404(b), 609 of the Texas Rules of Criminal Evidence and Article 37.07 of the Texas Code of Criminal Procedure, specifically as follows:

| Date of Conv. | Charge | Cause# | Court |
|---|---|---|---|
| 05-18-2004 | Man/Dist of Schedule 1 Drugs | Unknown | East Baton Rouge Parish, LA |
| 08-28-1998 | Burglary | Unknown | East Baton Rouge Parish, LA |
| 08-28-1998 | Burglary | Unknown | East Baton Rouge Parish, LA |
| 08-28-1998 | Burglary | Unknown | East Baton Rouge Parish, LA |
| 08-28-1998 | Theft | Unknown | East Baton Rouge Parish, LA |

And the State further gives notice of intent to offer evidence of any extraneous or bad acts which are included in the discovery materials provided now, or in any supplemental discovery materials provided, and any matter noted in open Court or contained in motions filed with the Court.

RESPECTFULLY SUBMITTED,

JACOB PUTMAN, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24065929

8

## CERTIFICATE OF SERVICE

I, JACOB PUTMAN, hereby certify that a true and correct copy of the foregoing Notice of Intent to Offer Evidence under Article 404 (b), 609 of the Texas Rules of Criminal Evidence and Article 37.07 of the Texas Code of Criminal Procedure has been provided to the Defense Attorney for the Defendant, on this the _24_ day of _June_ , 2013.

JACOB PUTMAN,
Assistant Criminal District Attorney





THE STATE OF TEXAS                    §                    IN THE 114TH JUDICIAL

VS.                                   §                    DISTRICT COURT

Joseph Michael Pierce                 §                    SMITH COUNTY, TEXAS

## STATE'S MOTION FOR NOTICE OF DEFENSE EXPERT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, the State of Texas, by and through her Assistant Criminal District Attorney in and for Smith County, Texas, and requests pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure, notice of the name and address of each person the defendant intends to call as a witness in the above styled cause under Rules 702, 703 and 705 of the Texas Rules of Criminal Evidence. Pursuant to this motion, the State would show the Court the following:

I.

Article 39.14 (b) of the Texas Code of Criminal Procedure says that "on motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure not later than the 20th day before the date the trial begins."

II.

As evidence by the attached Certificate of Service, the State has sent to the attorney for the defendant the above styled motion. This motion is to serve as the State's Notice pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure.

III.

The State would request this Honorable Court to order the defendant and his counsel to disclose to the State of Texas the name and address of each person the defendant may use during any phase of trial to present evidence under Rules, 702, 703, and 705 of the Texas Rules of Evidence. The State of Texas would further request that defendant shall make such disclosure in writing, filed with this honorable Court and delivered to the State of Texas, such disclosure on or before ten (10) days from the date of signing the attached order and not later than 20th day before the date that trial is set to begin.

**10**

IV.

The State of Texas would request a special setting for a hearing on said motion.

Wherefore premises considered, the State of Texas would request this Honorable Court Grant said Motion.

Respectfully submitted,

JACOB PUTMAN, Assistant
Criminal District Attorney
State Bar Number 24065929

## CERTIFICATE OF SERVICE

I, JACOB PUTMAN, Assistant Criminal District Attorney, hereby certify that a true and correct copy of the State's Motion for Notice of Defense Expert has been provided to the Defense Attorney for Defendant, on this the 24 day of June, 2013.

JACOB PUTMAN, Assistant
Criminal District Attorney

**11**



Cause Numbers 114-0646-13

**THE STATE OF TEXAS** §

§          IN THE 114th JUDICIAL

**VS.** §          DISTRICT COURT

**JOSEPH PIERCE** §          SMITH COUNTY, TEXAS

## STATE'S NOTICE OF INTENT TO CALL EXPERT

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now, the State of Texas, by and through her Assistant Criminal District Attorney in and for Smith County, Texas, and provides notice pursuant to Article 39.14(b) of the Texas Code of Criminal Procedure, that the State intends to call as a witness in the above styled causes under rules 702, 703, 704, and 705 of the Texas Rules of Criminal Evidence.

| | |
|---|---|
| Claybion Cloud | DPS Lab |
| Travis Breazeale | Smith County Sheriff's Office |
| Noel Martin | Smith County Sheriff's Office |
| Craig Williams | Tyler Police Department |
| Donald Malmstrom | Tyler Police Department |
| Jeff Rackliff | Tyler Police Department |
| Matthew Smyser | Tyler Police Department |
| Blake Lockhart | Tyler Police Department |
| Nelson Downing | Smith County Juvenile Services |
| David Long | Smith County Adult Probation |
| Clifford Balch | Smith County Adult Probation |
| Scott Brown | Department of Public Safety |
| Ricky White | Department of Public Safety |
| Jimmy Jackson | Department of Public Safety |

Respectfully submitted,

JACOB PUTMAN
Assistant Criminal District Attorney
100 North Broadway
Tyler, Texas 75702
903/590-1720
State Bar Number 24065929

**12**

## CERTIFICATE OF SERVICE

I, JACOB PUTMAN, Assistant Criminal District Attorney, hereby certify that a true and correct copy of the State's Notice of Intent to Call Expert has been provided to the Attorney for Defendant, on this the _____24_____ day of _____June_____ , 2013.


JACOB PUTMAN
Assistant Criminal District Attorney



Cause Number 114-0648-13

THE STATE OF TEXAS             §        IN THE 114ᵗʰ JUDICIAL

VS.                           §        DISTRICT COURT

JOSEPH PIERCE                  §        SMITH COUNTY, TEXAS

## STATE'S RESPONSE TO REQUEST TO LIST WITNESSES

TO THE HONORABLE JUDGE OF THIS COURT:

Now comes the STATE OF TEXAS by its Assistant Criminal District Attorney, JACOB PUTMAN, and places the defendant on notice that the State may call as witnesses in its case in chief any person referred to any discovery packet or motion filed in this case, including but not limited to:

| | |
|---|---|
| Jeremy Frazier | DPS |
| Marlina Adams | |
| Kris Baker | DPS |
| Josh Hill | Tyler PD |
| Chris Harrison | DPS |
| Kenneth Richbourg | DPS |
| Claybion Cloud | DPS Lab |

Respectfully submitted,

JACOB PUTMAN, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24065929

## CERTIFICATE OF SERVICE

I, JACOB PUTMAN, hereby certify that a true and correct copy of the foregoing Response to Request to List Witnesses has been provided to the Defense Attorney for the Defendant, on this the ⟨24⟩ day of ⟨June⟩, 2013.

JACOB PUTMAN
Assistant Criminal District Attorney

14

CAUSE NUMBER 114-0648-13

THE STATE OF TEXAS §
§ IN THE 114TH JUDICIAL
VS. §
§ DISTRICT COURT OF
Joseph Michael Pierce §
§ SMITH COUNTY, TEXAS



## STATE'S MOTION TO OBTAIN FINGERPRINTS OF DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the STATE OF TEXAS, by and through her undersigned Assistant Criminal District Attorney, with this Motion to Obtain Fingerprints of Defendant, and in support thereof respectfully shows the Court the following:

I.

The State intends to introduce certified copies of prior convictions relating to this Defendant in the trial of this case. The witness used to introduce said evidence will be a fingerprint expert.

II.

In order for said expert to make a comparison of the prints on the certified copies, he will need a set of fingerprints from the Defendant to compare with those contained in the certified copies.

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests the Court to allow the State's expert to obtain a set of fingerprints, at some time prior to or during the trial, from the Defendant in this case for the purpose of comparison.

RESPECTFULLY SUBMITTED,

JACOB PUTMAN, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24065929

**15**

## CERTIFICATE OF SERVICE

I, JACOB PUTMAN, hereby certify that a true and correct copy of the foregoing

State's Motion to Obtain Fingerprints of Defendant has been provided to the Defense

Attorney for Defendant, on this the ____24____ day of ____June____, 2013.

JACOB PUTMAN
Assistant Criminal District Attorney

**16**

| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| Joseph Michael Pierce | § | SMITH COUNTY, TEXAS |

## ORDER GRANTING STATE'S MOTION TO OBTAIN FINGERPRINTS OF DEFENDANT

ON THIS, the 21 st day of Octr_____, 2013, came on to be

considered the Motion of the State of Texas to Obtain Fingerprints of the Defendant,

and the Court is of the opinion that such Motion should be, and it is HEREBY

GRANTED.

SIGNED this the 21 st day of October_____, 2013.

_____
HONORABLE CHRISTI KENNEDY

DEC 18 2013

CLERK
BY____

**17**



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| Joseph Michael Pierce | § | SMITH COUNTY, TEXAS |

## STATE'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT

Comes now, The State of Texas, by and through her Assistant Criminal District Attorney, who moves this honorable Court In Limine to direct the Attorney for the Defense, the Defendant, any defense witnesses, or anyone associated with the Defendant in this cause, not to allude, refer to or discuss, either directly or indirectly in any way, any of the following matters in the presence of either the jury or the jury panel until such time as (1) a hearing has been held outside the presence of the jury or the jury panel as to the admissibility of the items and (2) this honorable Court has determined that the matter in question is proper for the jury to consider:

1.

Any mention that the State has filed a motion in limine, motion to shuffle or any other motion, or that any portion of same that has been granted or that the defense has been in any way prevented by the Honorable Court from offering any such evidence without first approaching the bench outside the hearing of the jury to gain a ruling on its admissibility.

2.

Any mention of any offers or plea negotiations made with respect to this case or any other case.

3.

Any explanation of the matters inquired about in the State's "have you heard" questions, as such merely test the credibility of the reputation witnesses and are not substantial evidence of the defendant's bad conduct which may be explained by the defendant.

4.

After voir dire, any reference during the guilt/innocence phrase of the trial regarding the punishment range for this particular offense.

5.

Any mention of anyone's opinion as to the guilt or innocence of the defendant.

**18**

### 6.

Any statement, motion or request for discovery made within the hearing or presence of the jury or jury panel. Any mention that the Defendant has filed a motion for discovery, the items contained within the motion or that a hearing on said motion was had and certain requests were denied by the Court. In support of such motion, the State would show this honorable Court that such motion, statement or request in a matter of law to be decided by this court and not to be considered by the jury or jury panel. Such statement, motion or request would necessarily leave the jury or jury panel with the impression that the State is concealing evidence or failing to disclose all that is required by law.

### 7.

Any mention that a civil suit has, could, or will be filed involving this cause of action.

### 8.

Any mention that the Defendant has filed a motion to suppress, the items contained within the motion or that a hearing on said motion was had and it was denied by the Court.

### 9.

Any mention of any polygraph test.

### 10.

Asking the prosecutor to stipulate to any fact in the presence of the jury.

### 11.

The disposition of any case against co-defendants/accomplices, unless said co-defendant and or accomplice testifies.

### 12.

Any explanation of the offenses or facts surrounding the offenses for which the defendant has been previously convicted.

### 13.

Any mention that the defendant's parole/probation can/will be revoked due to the trial offense, or that a revocation of his parole/probation is sufficient punishment.

### 14.

Any mention that the trial court may order any punishment that the defendant received in this case to be served consecutively with any other sentence that the defendant has received previously, because concurrent or consecutive sentencing is within the discretion of the Court and is not a proper matter for the jury's consideration.

## 15.

Any mention that the complainant(s) in the State's prosecution wish to dismiss criminal charges against the defendant, including but not limited to any affidavit executed by the complainant.

## 16.

Any mention that any other hearings, including, but not limited to parole revocation, probation revocation, protective order hearings, child welfare or custody hearings, or any other hearings arising from or encompassing any or all of the facts in this cause, have been held, if they were, and the results or finding of said hearing officers, jury, or other fact finders, unless in support of this motion the State would show this honorable Court that such evidence, if not tested for legal admissibility prior to the admission before the jury could result in improper evidence being admitted before the jury which would be of such nature as to irreversibly and improperly taint the jury to the extent that:

1. No instructions to the jury could cure the admission of such improper evidence before the jury and,
2. Therefore any alleged probative value would be outweighed by the danger of its unfair prejudice.

## 17.

Any evidence offered by the defense in any form regarding the character of any witness until such terms as this Court holds hearing in:
1. Its admissibility
2. The qualification and/or competency of the witness to testify as to character as established in **Hernandez v. State** and the T.R.C.E.

## 18.

Any statement, question, or argument which directly or indirectly intimates that the State of Texas or the Smith County District Attorney's office is responsible for or does set trial dates or dockets for particular cases, including this cause;

Any statement, question or argument which directly or indirectly intimates that the State of Texas or the Smith County District Attorney's Office controls the outcome of any case presented to the Grand Jury, including this cause.

Any statement, reference, or argument, whether directly or indirectly by the attorney for the defendant, to anything in opening argument as to what he expects the defendant's evidence to show, unless he intends to introduce evidence in the defendant's case in chief. Such argument could result in the jury believing that such evidence does exist when in fact no

evidence to that effect has been introduced, since argument by counsel is not evidence, such statements, reference or argument by counsel for the defendant would improperly taint and mislead the jury to the extent that no instructions to the jury could cure the improper argument before the jury.

Wherefore, Premises Considered, the State requests this Court grant the foregoing Motion.

RESPECTFULLY SUBMITTED,

JACOB PUTMAN, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24065929

## CERTIFICATE OF SERVICE

I, JACOB PUTMAN, hereby certify that a true and correct copy of the above and foregoing Motion In Limine has been provided to the Defense Attorney for the Defendant, on this the _24_ day of ___June___, 2013.

JACOB PUTMAN,
Assistant Criminal District Attorney

**21**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| Joseph Michael Pierce | § | SMITH COUNTY, TEXAS |

## ORDER

This Court, having heard the evidence and arguments of counsel in the above and foregoing matter, is of the opinion and so finds that the STATE'S MOTION IN LIMINE should in all things be.



1.  (GRANTED) (DENIED)
2.  (GRANTED) (DENIED)
3.  (GRANTED) (DENIED)
4.  (GRANTED) (DENIED)
5.  (GRANTED) (DENIED)
6.  (GRANTED) (DENIED)
7.  (GRANTED) (DENIED)
8.  (GRANTED) (DENIED)
9.  (GRANTED) (DENIED)
10. (GRANTED) (DENIED)
11. (GRANTED) (DENIED)
12. (GRANTED) (DENIED)
13. (GRANTED) (DENIED)
14. (GRANTED) (DENIED)
15. (GRANTED) (DENIED)
16. (GRANTED) (DENIED)
17. (GRANTED) (DENIED)
18. (GRANTED) (DENIED)

*as in limine ✗*

DEC 18 2013

_____
HONORABLE CHRISTI KENNEDY

10/21/13

**22**

114-01048-13                                        6-25-2013

Dear Clerk of Court,

Hi my name is JOSEPH M. PIERCE D.O.B. 08-09-1978
my arrest date is 02-22-2013 I'm currently housed
at the Central Jail on the 3rd floor C tank. I'm writing
you praying that this is the right steps to take to get a
bond reduction. I'm very sorry if I was giving wrong
advice bc I have no ideal what to do, I asked Lawanda Lacy
for a bond reduction, and told her I did not want to waive my
arraignment court date I had 06-13-2013 and she said
ok but even though I never signed the waiver paper she had
so I would go to court and be able to ask Judge Kennedy
for a Bond Reduction I was never brought to court from my
cell! I put in request for Bond Reduction and LT. Brown called
me to her office and gave me Lawanda Lacy's number and let me
use the free phone to call her, which I did and no answer, so I
left Mrs. Lacy a message which was never returned! My Mother has
left her repeatively messages, on her answering machine and she
too has not returned her calls. I tried every way through the right
channels, for my appointed lawyer Lawanda Lacy with no results, so I'm
coming to you for help with this matter! please let me know if
this will do to get me a hearing to hear my motion for a Bond Reduction
or if there is something else I must do! Thank you for your time.

respectfully
Joseph M. Pierce





FILED
LOIS ROGERS
DISTRICT CLERK
2013 JUN 27 PM 12: 36

23

CAUSE NO. 114-0648-13



THE STATE OF TEXAS              IN THE 114TH JUDICIAL

VS.                              DISTRICT COURT OF

JOSEPH M. PIERCE             SMITH COUNTY, TEXAS

<u>DEFENDANT'S MOTION TO REDUCE BAIL OR FOR RELEASE ON PERSONAL BOND</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now JOSEPH M. PIERCE, Defendant in the above entitled
and numbered cause and presents this his motion to reduce bail
or for release on personal bond, the failure to enter which serves
as the reason for the present custody of the Defendant. In sup-
port of this motion Defendant would show the Court the following:

I.

That Defendant's present confinement in the Smith County
Jail is by virtue of his arrest on the indicted charge of Manu-
facture/Deliver of Controlled Substance.

II.

That the Defendant was committed to custody for failing to
post bond on said charge in the amount of Two Hundred Fifty Thou-
sand and no/100 Dollars ($250,000.00).

III.

That the bail required of the Defendant is excessive. The
Defendant has made a genuine effort both individually and through

family and friends to post bond in the above referenced amount
but has been unsuccessful in doing so.

### IV.

That the Defendant is a man of little wealth but does have
failthful friends and family members who could possibly secure
his release if bail is reduced to Ten Thousand and no/100 Dollars
($10,000.00) and he is allowed to utilize the sercies of The Per-
saonal Bonding Office of Smith County, Texas.  In the alternative,
the Defendant requests that he be released on a Personal Recogni-
zance Bond in amount deemed reasonable by the Court.

### V.

That the Defendant is presently suffering from a medical
condition that requires immediate attention.

### VI.

The Defendant assures the Court that if he is released on a
surety bond or personal bond under no circumstances will be attempt
to flee the jurisdiction of the Court and the Defendant further
asserts that he will appear before the court from time to time as
the Court deems necessary for all hearings before the Court and
for trial.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully
prays that a hearing be onducted concerning the likelihood of
Defendant's appearance at trial and the availability of conditions
of release that would secure Defendant's appearance without the
necessity of collateral required by a bondsman for secured bond

or that he be released ona personal bond.

Respectfully submitted,

LAW OFFICE OF LA JUANDA T. LACY

By _La Juanda T. Lacy_
LA JUANDA T. LACY
2419 Cecil Avenue
Tyler, Texas 75702
(903) 592-8335
FAX # 597-6787
SBN: 11810500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Motion To Reduce Bail Or For Release On Personal Bond has been hand delivered to the Smith County District Attorney's Office on this, the _9th_ day of July, 2013.

LA JUANDA T. LACY

Print Form



# DISTRICT COURTS
## 114th DISTRICT COURT
## SMITH COUNTY, TEXAS

**THE STATE OF TEXAS**                    CAUSE NO: 114-0648-13
          **VS**
          Joseph Pierce

### ORDER SETTING HEARING

A hearing on this Motion is requested:

DEFT'S MOTION TO REDUCE BAIL OR FOR RELEASE ON PERSONAL BOND

A hearing is hereby ORDERED SET in the 114th Judicial District Court, 100 N. Broadway, Smith County Courthouse, Tyler, Texas, on the following date and time:

12 day of JULY, 2013, at 10:15

The following persons are ORDERED to be in attendance at this hearing:

☒ Counsel for the State of Texas    ☒ The defendant

☒ Trial Counsel for the Defendant    ☒ Any required witnesses

☒ Appeal/Writ Counsel for the    ☒ Probation Officer
    Defendant

☒ Other:

If you have any questions contact the 114th Court Coordinator at (903) 590-1623.

Signed and ORDERED this the 10 day of JULY, 2013.

                    JUDGE CHRISTI KENNEDY/TCM
                    HONORABLE CHRISTI KENNEDY

                    Judge, 114th Judicial District Court

                    Smith County Courthouse

                    Tyler, Texas 75702

27



CAUSE NUMBER: 114-0648-13

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

FILED
JUL 11 2013
LOIS ROGERS
CLERK, 114th JUD. DIST. COURT, SMITH CO., TX
BY _____ DEPUTY

## STATE'S MOTION FOR JOINDER OF CASES

TO THE HONORABLE JUDGE OF THIS COURT:

Comes now the State of Texas by and through her assistant criminal district attorney of Smith County, Texas, and moves this Court to join the following cases for trial against these defendants pursuant to Article 36.09 of the Texas Code of Criminal Procedure, and in support thereof would show the Court the following:

### I.

Marlina Adams is charged by indictment with the offense of Possession of a Controlled Substance with Intent to Deliver for acts that occurred on or about February 22, 2013. Joseph Pierce is also charged by indictment with the offense of Possession of a Controlled Substance with Intent to Deliver for acts that occurred on or about February 22, 2013.

### II.

The State will be introducing the same evidence in each of these cases. The witnesses for each case are identical, and the events that serve as the basis of each case are identical. Because the acts of each of the defendants in these cases occurred on the same day, at the same time, and with the same witnesses, it is in the interests of justice and judicial economy to consolidate these cases for trial.

### III.

If the Court grants this motion, the State agrees not to introduce any prior convictions of Joseph Pierce, if any, at the joint trial of Marlina Adams and Joseph Pierce.

### IV.

This motion is made and urged in the interests of justice and judicial economy.

28

WHEREFORE, PREMISES CONSIDERED, the State prays the Court grant this, its Motion for Joinder of Cases, in the above numbered cause.

Respectfully submitted,

Jacob Putman
Assistant Criminal District Attorney
Smith County, Texas
State Bar # 24065929

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing State's Motion for Joinder of Cases has been provided to counsel for the defendant on _11th day of July_, _2013_ prior to the commencement of trial.

Jacob Putman
Assistant Criminal District Attorney
Smith County, Texas
State Bar # 24065929

FILED
JUL 2 9 2013
LOIS ROGERS
CLERK, 114th JUD DIST COURT, SMITH CO., TX
BY_____ DEPUTY

# LAW OFFICES
## OF
# JASON A. ELLIS
### PLLC

120 S. BROADWAY AVE.
SUITE 109
TYLER, TEXAS 75702

JASON A. ELLIS
ATTORNEY AT LAW

TELEPHONE (903) 705-6236
FAX (903) 705-6237

JULY 26, 2013

Hon. Judge Christi Kennedy
114th District Court
100 N. Broadway
Tyler, TX 75702
Fax: 903-590-1626

The State of Texas v. Joseph Pierce
Cause No.: 114-0648-13
Charge: Possession of a Controlled Substance

Dear Judge Kennedy:

Please be advised that the Law Offices of Jason A. Ellis is representing the Defendant on the above referenced charge. Please ensure that Jason A. Ellis is listed as Attorney of Record for the Defendant, and that I am notified of all court dates and scheduling orders.

Thank you for your assistance.

Sincerely,

Jason A. Ellis

Attorney for Defendant

30

# FELONY DISCOVERY SUPPLEMENT FORM
## SMITH COUNTY DISTRICT ATTORNEY'S OFFICE

**DATE:**     July 31, 2013

**TO:**     Jason Ellis

**DEFENDANT(S): Joseph Pierce**

**Cause #(S):  114-0648-13**

FILED

JUL 31 2013

CLERK, LOIS ROGERS SMITH CO., TX
BY _____ DEPUTY

I.     ( )     **Additional Witnesses:**

II.     ( x )     **Additional Physical Evidence:** *Priors*

III.     ( )     **Additional Criminal History Information:**

_____
_____
_____
_____

V.     ( )     **Extraneous Offense Information**

> **THIS SERVES AS NOTICE THAT THE STATE INTENDS TO OFFER EXTRANEOUS OFFENSES OR BAD ACTS CONTAINED WITHIN THESE RECORDS, PURSUANT TO RULE 404(B) AND 609 OF THE RULES OF CRIMINAL EVIDENCE, AND 37.07 OF THE CODE OF CRIMINAL PROCEDURE.**

VI.     ( )     **Exculpatory Evidence - see attached**

VII.     **THIS CERTIFIES THAT BATES STAMPED DOCUMENTS, NUMBERS 68 THROUGH 118 WERE MADE AVAILABLE TO DEFENSE COUNSEL ON THE ABOVE FILE-MARKED DATE.**

31

—

Print Form



# DISTRICT COURTS
## 114th DISTRICT COURT
## SMITH COUNTY, TEXAS

**THE STATE OF TEXAS**
**VS**
Joseph Pierce

CAUSE NO: 114-0648-13

**ORDER SETTING HEARING**

A hearing on this Motion is requested:

STATE'S MOTION FOR JOINDER OF CASES

A hearing is hereby ORDERED SET in the 114th Judicial District Court, 100 N. Broadway, Smith County Courthouse, Tyler, Texas, on the following date and time:

5 day of AUGUST, 2013, at 9:30

The following persons are ORDERED to be in attendance at this hearing:

☒ Counsel for the State of Texas  ☒ The defendant

☒ Trial Counsel for the Defendant  ☒ Any required witnesses

☐ Appeal/Writ Counsel for the  ☒ Probation Officer
   Defendant

☒ Other: 

If you have any questions contact the 114th Court Coordinator at (903) 590-1623.

Signed and ORDERED this the 31 day of JULY, 2013.

JUDGE CHRISTI KENNEDY/TCM
HONORABLE CHRISTI KENNEDY

Judge, 114th Judicial District Court

Smith County Courthouse

Tyler, Texas 75702

903-705-8237

32



NO. 114-0648-13

**STATE OF TEXAS**

**vs.**

**JOSEPH PIERCE**

§
§
§
§
§

IN THE DISTRICT COURT

114th JUDICIAL DISTRICT

SMITH COUNTY, TEXAS

<u>MOTION TO SEVER</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes, Joseph Pierce, Defendant, and moves the Court to sever Marlina Adams, Co-Defendant herein, from his trial in this cause, and for good cause shows the following:

1.     A joint trial would be prejudicial to Joseph Pierce because the Co-Defendant, Marlina Adams, has made statements incriminating Joseph Pierce.  If Joseph Pierce and the Co-Defendant are jointly tried, and if the statements of said Co-Defendant are admitted into evidence and said Co-Defendant does not testify, Joseph Pierce will be denied rights of confrontation and cross-examination, guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, Article I, § 10 of the Texas Constitution, and Article 1.05 of the Texas Code of Criminal Procedure.  *See* Bruton v. United States, 391 U.S. 123 (1968).

2.     A joint trial would be prejudicial to Joseph Pierce, because Joseph Pierce and the Co-Defendant, Marlina Adams, have antagonistic defenses.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Joseph Pierce prays that the trial of Marlina Adams, Co-Defendant herein, be severed from the trial of Defendant in this cause as provided by Article 36.09 of the Texas Code of Criminal Procedure.

33

Respectfully submitted,

Jason A. Ellis

By: _____
Jason A. Ellis
State Bar No. 24052915
Attorney for Joseph Pierce

## CERTIFICATE OF SERVICE

This is to certify that on August 5, 2013, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Smith County, Texas, by hand delivery.

_____
Jason A. Ellis

**34**

Cause No. 114-0648-13

FILED
LOIS ROGERS
DISTRICT CLERK
2013 AUG 16 PM 12:00
SMITH COUNTY, TEXAS
[signature]
DEPUTY

THE STATE OF TEXAS     IN THE 114TH DISTRICT COURT

V.     IN AND FOR

JOSEPH MICHAEL PIERCE   SMITH COUNTY, TEXAS

## MOTION TO PRESERVE EVIDENCE

TO THE HONORABLE COURT:

I respectfully request that all video evidence be preserved from a hard drive that is stored at the DPS office in Tyler, Texas on the basis of the serious accusation that the video of the traffic stop that was submitted into evidence has been edit without permission from the state or I. I have obtain facts to support my claim and challenge the state to prove the facts I have obtain to be false.

Further, I request a video and audio expert to analize the video to prove me right or wrong on these serious accusations I have made.

I request a hearing prior to trial.

Respectfully submitted this

14TH day of August 2013.

Joseph Michael Pierce

JOSEPH MICHAEL PIERCE

35

Dear Judge Kennedy,                                    August 14th 2013

Your Honor I'm writing to you for help. I tried going through My lawyer Jason Ellis and he Is Showing no Interest In helping me with this Issue I have that I refuse to Ignore, so I pray that I Explain My Issue I have with my case and get you to look Into this matter and decide If my Serious accusation I have made on record In your court room on July 12th 2013 has any truth to It!

Your Honor when I had the chance to View the Video of the traffic stop on July 11th 2013 at the court house with LaJuanda Lacy and the D.A's Investagator. I noticed the video missing parts that happened that night that was missing on the video. Your Honor I Know I'm making a serious accusation and you asked the State what do they have to say about It? The only responce the State gave you was by Saying, "Your Honor I personally can say I didn't edit the Video or have any tools to do so."

Your Honor on page 29 In my discovery cause No.114-0648.1 It shows the arresting officer ran my licence plate at 23:16 02/21/2013 and on page 10 In my discovery the arresting officer ran a DL check on me at exactly 23:22 on 02/21/2013, but the arresting officer In his sworn affidav he didn't pull me over until the 22nd of Feb. 2013!

Your Honor I pray you grant my motion to Preserve Evidence and give me a chance to prove to you that Someone Edited the Video! I have learned that Unit: 1412 Black and white Hwy patrol car Is Indeed Installed with a IBM 2 way dash camera with microphone that records constantly as long as the car Is running and It Is stored on a hard drive for only 180 days and the 180 days Is up on Aug. 20th 2013. Your Hono so you see I had no choice left but come to you after failing trying to go through my lawyer. IBM claims that th only way you can Edit the Video with out detection Is to

36

Crop the Date and time that has been encrypted and stamped on each frame of the video at the top of the screen! The date and time has been encrypted for the Intention to protect the officer and defendant that If the video has the date and time running on the video ~~missing~~ Is missing Should be Investigated to find out who and why someone tampered with this video! I beg this court to help me find this out! The date and time Is missing from the video!

Respectfully submitted this
14th day of August 2013

Joseph M. Pierce
Joseph M. Pierce

FILED
AUG 2 2 2013
CLERK 114th ... CO. TX
BY _____ DEPUTY

| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

TO THE CLERK OF SMITH COUNTY:

Comes now the State of Texas, by and through her Assistant Criminal District Attorney of Smith County, Texas and makes this, her application for the issuance of Subpoena(s) for the following persons to compel their attendance as witnesses for the State, according to Article 24.03 of the Texas Code of Criminal Procedure:

| Witnesses | Address | Other Info. |
|---|---|---|
| Marlina Adams | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Said persons are witnesses whose testimony is material to the State or to the Defense on the trial of said case. Said person must appear at said date and time. Please call the District Attorney's Office at (903) 590-1720 and ask to speak to JACOB PUTMAN or ROY LINN when you receive this subpoena. Applicant prays that the said subpoena be made returnable on the 9th day of September, 2013 at 8:30 a.m. and THEREAFTER INSTANTER.

**Jacob Putman**
Assistant Criminal District Attorney
Smith County, Texas

Cause Nos. 114-0648-13

| THE STATE OF TEXAS | § | IN THE 114th JUDICIAL |
| VS. | § | DISTRICT COURT |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

TO THE CLERK OF SMITH COUNTY:

Comes now the State of Texas, by and through her Assistant Criminal District Attorney of Smith County, Texas and makes this, her application for the issuance of Subpoena(s) for the following persons to compel their attendance as witnesses for the State, according to Article 24.03 of the Texas Code of Criminal Procedure:

| Witnesses | Address | Other Info. |
| --- | --- | --- |
| Jeremy Frazier | DPS Trooper, Tyler | 02/22/13 |
| Kris Baker | DPS | 02/22/13 |
| Chris Harrison | DPS | 02/22/13 |
| Josh Hill | TPD | Assisted DPS on 02-22-13 |
| Claybion Cloud | DPS Lab | TYL-130201091 |

Said persons are witnesses whose testimony is material to the State or to the Defense on the trial of said case. Said person must appear at said date and time. Please call the District Attorney's Office at (903) 590-1720 and ask to speak to attorney JACOB PUTMAN, LUCAS MACHICEK, or investigator ROY LINN when you receive this subpoena. Applicant prays that the said subpoena be made returnable on the 9th day of September, 2013 at 8:30 a.m. and THEREAFTER INSTANTER.

**Jacob Putman**
Assistant Criminal District Attorney
Smith County, Texas



FILED

SEP - 3 2013

CLERK 114th JUD DIST. COURT, SMITH CO. TX
BY_____ DEPUTY

39



Cause Number 114-0648-13

THE STATE OF TEXAS §      IN THE 114th JUDICIAL

VS. §      DISTRICT COURT

JOSEPH PIERCE §      SMITH COUNTY, TEXAS

## STATE'S 2nd RESPONSE TO REQUEST TO LIST WITNESSES

TO THE HONORABLE JUDGE OF THIS COURT:

    Now comes the STATE OF TEXAS by its Assistant Criminal District Attorney, JACOB PUTMAN, and places the defendant on notice that the State may call as witnesses in its case in chief any person referred to any discovery packet or motion filed in this case, including but not limited to:

Thomas Eskola            Louisiana Parole Office

                           Respectfully submitted,

                           JACOB PUTMAN, Assistant
                           Criminal District Attorney
                           Smith County, Texas
                           State Bar Number 24065929

## CERTIFICATE OF SERVICE

I, JACOB PUTMAN, hereby certify that a true and correct copy of the foregoing Response to Request to List Witnesses has been provided to the Defense Attorney for the Defendant, on this the _5_ day of _September_ , 2013.

                           JACOB PUTMAN
                           Assistant Criminal District Attorney

NO. 114-0648-13

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 114TH JUDICIAL DISTRICT |
| | § | |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

## ORDER

On September 9, 2013, the Court heard the Motion for Continuance of Joseph Pierce.

The Court finds the Motion should be and the same hereby is Granted / Denied.

Signed on _September 9, 2013_ .

_____
JUDGE PRESIDING

FILED
SEP 9 2013
LOIS ROGERS
CLERK, 114th JUD. DIST. COURT, SMITH CO., TX
BY _____ DEPUTY

**41**

*dv*

F I L E D
SEP - 9 2011
LOIS ROGERS
CLERK, 114th JUD. DIST. COURT SMITH COUNTY
BY _____ DEPUTY

NO. 114-0648-11

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| vs. | § | 114TH JUDICIAL DISTRICT |
| | § | |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

## MOTION FOR CONTINUANCE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Joseph Pierce, Defendant, and files this Motion for Continuance of this cause from its present setting of Trial by Jury and shows the following:

1.  This motion is filed in accordance with Article 29.03 of the Texas Code of Criminal Procedure.

2.  The Defendant very recently retained an expert witness to review the video evidence. The expert witness is Herbert Joe of Yonovitz & Joe, LLP. Mr. Joe is a professional forensic audio/video analyst who is Board Certified in Forensic Audio/Video Examination. Mr. Joe is still reviewing the evidence and is unavailable to testify at this moment. The Defense requests that this matter be moved in order to allow the Defense to receive the results of the expert witness.

3.  This motion is not made for purposes of delay but that justice may be done.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Court enter its order continuing this cause until some future date, or, in the alternative, sets this motion for hearing.

42

Respectfully submitted,

LAW OFFICES OF JASON A ELLIS, PLLC
120 S. Broadway Ave.
Suite 109
Tyler, TX 75702
Tel:    903.705.6236
Fax:    903.705.6237

By:

Jason A. Ellis
State Bar No. 24052915
Attorney for Joseph Pierce

**43**

# VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF SMITH** §

ON THIS DAY personally appeared Jason A. Ellis, who, after being placed under oath, stated the following:

"My name is Jason A. Ellis and I am the attorney of record for Joseph Pierce and have been so at all material times relevant to this proceeding.

"I have read the Motion for Continuance and every statement is within my personal knowledge and is true and correct."

_____
Jason A. Ellis

Sworn to and subscribed before me on _____9/9/13_____

CAROL A PINCKARD
My Commission Expires
April 26, 2016

_Carol A. Pinckard_
**NOTARY PUBLIC**

## CERTIFICATE OF SERVICE

This is to certify that on _____, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Smith County, by hand delivery.

_____
Jason A. Ellis

**44**

FILED
LOIS ROGERS
DISTRICT CLERK

2013 SEP 13 PM 4: 05

## CAUSE NO. 114-0648-13

SMITH COUNTY, TEXAS
BY_____ DEPUTY

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 114th JUDICIAL DISTRICT |
| | § | |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

2013 AUG 28 PM 1: 52
SHERIFF    SMITH COUNTY

## REQUEST FOR

## CRIMINAL SUBPOENA *DUCES TECUM*

TO ANY SHERIFF, CONSTABLE, PEACE OFFICER OR BY ANY OTHER PERSON WHO IS NOT A PARTY AND LESS THAT EIGHTEEN YEARS OF AGE, OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON:

Officer Joshua Hill
Tyler Police Department, Tyler

to be and personally appear on the 9th day of September, 2013 at 8:30 a.m., before the Honorable Christi Kennedy, Judge of the 114th Judicial District Court Smith County, Texas, to be held within and for said County at the Courthouse thereof, in Tyler, then and there to testify and the truth to speak on behalf of the DEFENDANT in the above styled and numbered criminal action now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court. Said above named witness is further commanded to produce at the said time and place above set forth the following books, papers, documents or other tangible things, to wit:

a) Any and all videotapes depicting traffic stops in which your K-9 was used, from February 1, 2013, to March 31, 2013.

b) Any and all records, reports, proficiency training records, including both documents and video recordings, which relate to the use of the canine used by the state in the search of the vehicle in this case;

c) Any and all departmental or organizational policies, rules, directives, memos, and operating procedures relating to the field use of drug detector dogs by the Tyler Police Department and the Texas Department of Public Safety.

d) Any and all departmental or organizational policies, rules, directives, memos, and operating procedures surrounding the last date of certification

testing for the K-9 unit, including any recordings of the actual testing;

e) Any and all documentation listing all drugs your K-9 is trained to detect, including synthetic drugs;

f) Any and all documents which define the final response or alert your K-9 was trained to make upon finding drugs;

g) Any and all documentation identifying your K-9's primary reward;

h) Any and all documentation regarding the specific training aids used to train the dog, specifically the chemical composition, purity, and packaging of the controlled substances;

i) Any and all departmental or organizational polices, rules directives, memos, and operating procedures which define or outline the minimum department standard of training proficiency for drug detecting canines; for any and all records relating to <u>any</u> false positives of your K-9.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same.

ISSUED AND GIVEN under my hand and seal of said Court at office, this the 27th day of August, 2013.

Lois Rogers, District Clerk
Smith County, Tyler, Texas

By _____ Deputy

Attorney Requesting Subpoena:

JASON A ELLIS LAW OFFICE PLLC
120 S. Broadway Ave.
Suite 109
Tyler, TX 75702
Tel: 903.705.6236
Fax: 903.705.6237

46

Civil Papers ID:  89658
1. Person to Serve: HILL, JOSHUA, OFFICER
2. Address        : 711 W. FERGUSON
3. City, State Zip: Tyler, TX 75702
4. Directions     : TYLER PD
5. Employer     :
   Address      :
   CSZ          :
6. Cause #      : 114-0648-13
7. Style        : STATE OF TEXAS VS JOSEPH PIERCE
8. SO Type      :
9. Type Papers: SDT (SUBPOENA DUCES TECUM)
10. Origin       : SMITH
11. Authority    :
12. Date Issued: 08/27/2013

13. Date Rcvd  : 08/28/2013
    Time Rcvd  : 01:52pm
14. Assigned to:

9/9

| DATE | TIME | DEPUTY | RESULTS/COMMENTS |
|---|---|---|---|
| 8-29-13 | 3:00 PM | C. Ret | Delivered to D. Grissom |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

47

## SHERIFF'S RETURN

Came to hand the _28_ day of _Aug_, 20_13_, executed by delivering a true copy of this subpoena to each of the following within named witnesses, and were summoned in Smith County, Texas at the time, dates, places and in the manner following:

======================================================================

| NAMES | DATE | TIME | PLACE |
|-------|------|------|-------|
| Joshua Hill | 8-29-13 | 3:00PM | 711 W. Ferguson To Sgt. D. Grissom |

======================================================================

And not executed as to the witness, _____

The diligence used in finding said witness: _____

And the information received as to the whereabouts of the witness, _____

_____ being _____

And I hereby affirm that the return and all facts therein contained are true in every particular.

LARRY R. SMITH, SHERIFF

SMITH COUNTY, TEXAS

BY: _____

DEPUTY

48

## CAUSE NUMBER: 114-0648-13

| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
|---|---|---|
| VS. | § | DISTRICT COURT OF |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

TO THE CLERK OF SMITH COUNTY:

Comes now the State of Texas, by and through her Assistant Criminal District Attorney of Smith County, Texas and makes this, her application for the issuance of Subpoena(s) for the following persons to compel their attendance as witnesses for the State, according to Article 24.03 of the Texas Code of Criminal Procedure:

| Witnesses | Address | Other Info. |
|---|---|---|
| Jennifer Bush | Louisiana Parole Office | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Said persons are witnesses whose testimony is material to the State or to the Defense on the trial of said case. Said person must appear at said date and time. Please call the District Attorney's Office at (903) 590-1720 and ask to speak to JACOB PUTMAN or ROY LINN when you receive this subpoena. Applicant prays that the said subpoena be made returnable on the 22nd day of October, **2013 at 8:30 a.m.** and THEREAFTER INSTANTER.

**Jacob Putman**
Assistant Criminal District Attorney
Smith County, Texas



FILED

OCT 1 4 2013

CLERK 114TH DIST. COURT, SMITH CO. TX
BY _____ DEPUTY

**49**

THE STATE OF TEXAS

VS.

JOSEPH PIERCE

F I L E D
Cause Numbers 114-0648-13
OCT 14 2013
LOIS ROGERS
CLERK, 114th JUD. DIST. COURT, SMITH CO., TX
BY_____ DEPUTY

§

§

§

IN THE 114th JUDICIAL

DISTRICT COURT

SMITH COUNTY, TEXAS

### STATE'S 3rd RESPONSE TO REQUEST TO LIST WITNESSES

TO THE HONORABLE JUDGE OF THIS COURT:

Now comes the STATE OF TEXAS by its Assistant Criminal District Attorney, JACOB PUTMAN, and places the defendant on notice that the State may call as witnesses in its case in chief any person referred to any discovery packet or motion filed in this case, including but not limited to:

Jennifer Bush                    Louisiana Parole Office

Respectfully submitted,

JACOB PUTMAN, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24065929

### CERTIFICATE OF SERVICE

I, JACOB PUTMAN, hereby certify that a true and correct copy of the foregoing Response to Request to List Witnesses has been provided to the Defense Attorney for the Defendant, on this the _14_ day of _October_, 2013.

JACOB PUTMAN
Assistant Criminal District Attorney

50

CAUSE NO. 114-0648-13

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 114th JUDICIAL DISTRICT |
| | § | |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

OCT 1 8 2013

BY _Rhodes_ DEPUTY

## REQUEST FOR

## CRIMINAL SUBPOENA *DUCES TECUM*

TO ANY SHERIFF, CONSTABLE, PEACE OFFICER OR BY ANY OTHER PERSON WHO IS NOT A PARTY AND LESS THAT EIGHTEEN YEARS OF AGE, OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON:

Trooper Jeremy Frazier
Department of Public Safety, Tyler

to be and personally appear on the 21st day of October, 2013 at 8:30 a.m., before the Honorable Christi Kennedy, Judge of the 114th Judicial District Court Smith County, Texas, to be held within and for said County at the Courthouse thereof, in Tyler, then and there to testify and the truth to speak on behalf of the **DEFENDANT** in the above styled and numbered criminal action now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court. Said above named witness is further commanded to produce at the said time and place above set forth the following books, papers, documents or other tangible things, to wit:

a) **Any and all wires or headphones or other objects taken from the Defendant's person that could be described as "wires."**

b) **Any and all remote controls taken from the Defendant's person.**

HEREIN FAIL NOT, and make due return hereof, showing how you have executed

the same.

ISSUED AND GIVEN under my hand and seal of said Court at office, this the

_____ day of _____, 201_____.

51

**Lois Rogers, District Clerk**
Smith County, Tyler, Texas

By_____, Deputy

Attorney Requesting Subpoena:

JASON A ELLIS LAW OFFICE PLLC
120 S. Broadway Ave.
Suite 109
Tyler, TX 75702
Tel: 903.705.6236
Fax: 903.705.6237



# DISTRICT COURTS
## 114th DISTRICT COURT
## SMITH COUNTY, TEXAS

THE STATE OF TEXAS     CAUSE NO: 114-0648-13
### VS
Joseph Pierce

### ORDER SETTING HEARING

A hearing on this Motion is requested:

Pretrial January 17, 2013 @ 8:30am and Trial January 27, 2013 @ 8:30am
A hearing is hereby ORDERED SET in the 114th Judicial District Court, 100 N.
Broadway, Smith County Courthouse, Tyler, Texas, on the following date and time:

day of      . 20   , at

The following persons are ORDERED to be in attendance at this hearing:

☒ Counsel for the State of Texas    ☒ The defendant

☒ Trial Counsel for the Defendant    ☒ Any required witnesses

☐ Appeal/Writ Counsel for the    ☒ Probation Officer
Defendant

☐ Other:

If you have any questions contact the 114th Court Coordinator at (903) 590-1623.

Signed and ORDERED this the 18    day of December   20 13 .

JUDGE CHRISTI KENNEDY/TCM
HONORABLE CHRISTI KENNEDY

Judge, 114th Judicial District Court

Smith County Courthouse

Tyler, Texas 75702

53

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 114TH JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS

On this day, came on to be considered Defendant's Motion to Suppress. After considering the motion, the evidence, the file, the arguments of counsel and the applicable law, the Court is of the opinion that the motion should be **DENIED**.

IT IS THEREFORE ORDERED that Defendant Joseph Pierce's Motion to Suppress is **DENIED**.

SIGNED DeC. 17 , 2013

HONORABLE CHRISTI KENNEDY
114TH JUDICIAL DISTRICT COURT

Copy to
State
Jason Ellis
903-705-6227

FILED

DEC 18 2013

LOIS ROGERS
CLERK 114th JUD. DIST. COURT, SMITH CO., TX
BY_____ DEPUTY

**54**

| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
|---|---|---|


| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
|---|---|---|
| VS. | § | DISTRICT COURT OF |
| Joseph Michael Pierce | § | SMITH COUNTY, TEXAS |

## ORDER

The State of Texas has filed a Motion for Notice of Defense Expert pursuant to V.A.C.C.P. Art. 39.14 (b), and has provided notice of same to the defendant and his counsel in writing. After due consideration of the said Motion, the Court finds that it is well taken and is in all things GRANTED.

It is hereby ORDERED that the defendant and his counsel shall disclose to the State of Texas the name and address of each person the defendant may use at the trial of this case to present evidence under Rules 702, 703, and 705, of the Texas Rules of Evidence. It is specifically ORDERED that the defendant shall make such disclosure in writing, filed with the Court and delivered to the attorney for the State of Texas, and such disclosure shall be given within ten (10) days from the date of the signing of this Order and not later than the 20th day before the date the trial begins.

If the defendant has any objection to this Order on the State's Motion for Notice of Defense Expert, such objections must be reduced to writing and filed with the Court within seven (7) days from the date of this Order. If no written objection is timely filed, any such objection will be deemed waived by the Court.

Signed this the 21st day of October , 2013.

_____
JUDGE PRESIDING

DEC 18 2013

**55**

114-0648-13

FILED
LOIS ROGERS
DISTRICT CLERK
2013 DEC 27 AM 11: 28
SMITH COUNTY, TEXAS
BY ___

Smith Co. District Clerk
Courthouse, 2nd Floor
101 N. Broadway Avenue
Tyler, TEXAS 75702

RE: JOSEPH M. PIERCE V. State of Texas

I Joseph Michael Pierce is writing you for
two matters 1) my trial transcript of my Hearing on
the motion to suppress Evidence, on everything that
was said and how much I need to pay. 2) file a writ
to Judge Kennedy before she gives her ruling on my motion
to suppress Evidence. forgive me if I didn't file my
writ the correct way, the smith county jail refuses
to let me go to the Law Library several times. Please
help me file my writ on the defense did not lodge a.
timely objection at the time of the alleged Injustice.
on 10-24-2013 In Judge Kennedy's court my cause no.
114-0648-13 If there is something I need to do to
Correctly file this writ please let me know.
I tried my best.

My return Address is:

JOSEPH PIERCE 161655
206 E. ELM St.
Tyler, Tx. 75702

Thank You

Respectfully Submitted
this 25th day of December
2013

Joseph Michael Pierce
JOSEPH MICHAEL PIERCE

56

Smith Co. District Clerk
Courthouse, 2nd Floor
101 N. Broadway Avenue
Tyler, TX 75702

FILED
LOIS ROGERS
DISTRICT CLERK
2013 DEC 27 AM 11: 28
SMITH COUNTY, TEXAS
BY _____
DEPUTY

RE: State v. JOSEPH M. PIERCE
Cause NO. 114-0648-13

I Joseph M. Pierce had a hearing on a motion
to suppress Evidence on 10/21/2013 and 10/24/2013
I would like to buy the transcript of Everything that
was said In my hearing on the 21st and 24th of Oct.
2013. Can you please tell me when will it be available
to me and how much it will cost for the transcript.

Thank you

Respectfully Submitted
this 25th day of December 2013

Joseph Michael Pierce
JOSEPH MICHAEL PIERCE

57

Smith Co. District Clerk
Courthouse, 2nd Floor
101 N. Broadway Avenue
Tyler, TEXAS 75702

FILED
LOIS ROGERS
DISTRICT CLERK
2013 DEC 27 AM 11: 28
SMITH COUNTY, TEXAS
BY_____
DEPUTY

Cause No. 114-0648-13

THE STATE OF TEXAS                    IN THE 114ᵗʰ DISTRICT
                                              COURT
V.                                       IN AND FOR

JOSEPH MICHAEL PIERCE          SMITH COUNTY, TEXAS

---

Writ on the defense, did not lodge a timely
objection at the time of the alleged injustice.

---

TO THE HONORABLE COURT:

    Pursuant to the right of effective assistance
of counsel under the 6ᵗʰ Amendment to the U.S. Constitution
I respectfully request the right to object that my
driver license was suspended on 02-22-2013. On
the grounds The State is assuming my driver license
was suspended there is no evidence In my discovery
showing my driver license was suspended. I was
not Issued any citations on 02-22-2013 with
these facts I pray the HONORABLE Judge will let me
object to the State saying my driver license was
suspended on the night of my arrest.

                        Respectfully Submitted
                   this 25ᵗʰ day of December 2013
                   Joseph Michael Pierce
                   JOSEPH MICHAEL PIERCE

58

**CAUSE NUMBER: 114-0648-13**

FILED

JAN 16 2014

LOIS ROGERS
DISTRICT CLERK 114th JUD. DIST. COURT, SMITH CO., TX
BY_____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

TO THE CLERK OF SMITH COUNTY:

Comes now the State of Texas, by and through her Assistant Criminal District Attorney of Smith County, Texas and makes this, her application for the issuance of Subpoena(s) for the following persons to compel their attendance as witnesses for the State, according to Article 24.03 of the Texas Code of Criminal Procedure:

| Witnesses | Address | Other Info. |
|---|---|---|
| Jeremy Frazier | DPS | |
| Kris Baker | DPS | |
| Josh Hill | TPD | |
| Chris Harrison | DPS | |
| Claybion Cloud | DPS Lab | TYL-1302-01091 |
| Jennifer Bush | Louisiana Parole Office | |
| | | |
| | | |

Said persons are witnesses whose testimony is material to the State or to the Defense on the trial of said case. Said person must appear at said date and time. Please call the District Attorney's Office at (903) 590-1720 and ask to speak to JACOB PUTMAN or ROY LINN when you receive this subpoena. Applicant prays that the said subpoena be made returnable on the 27th day of January, **2014 at 8:30 a.m.** and THEREAFTER INSTANTER.

**Jacob Putman**
Assistant Criminal District Attorney
Smith County, Texas

**59**

CAUSE NUMBER: 114-0648-13

FILED

JAN 2 3 2014

LOIS ROGERS
CLERK, 114th JUD DIST COURT, SMITH CO., TX
_____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 114th JUDICIAL |
| VS. | § | DISTRICT COURT |
| JOSEPH MICHAEL PIERCE | § | SMITH COUNTY, TEXAS |

TO THE CLERK OF SAID COUNTY:

Comes Now the State of Texas, by and through her Assistant Criminal District Attorney of Smith County, Texas, and makes this, her application for the issuance of Subpoena(s) for the following persons to compel their attendance as witnesses for the State, according to Article 24.03 of the Texas Code of Criminal Procedure:

WITNESSES IN SMITH COUNTY:

| Witnesses | Address | Other info. |
|---|---|---|
| Jennifer Bush | Louisiana Parole Office | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Said persons are witnesses whose testimony is material to the State on the trial of said case. Said witnesses to appear in the 114th District Court, Tyler, Smith County, Texas on the 25th day of February, 2014 at 8:30 A. M.

Please call the District Attorney's Office at (903) 590-1720 and ask to speak to Attorney JACOB PUTMAN or Investigator ROY LINN when you receive this subpoena.

Jacob Putman
Assistant Criminal District Attorney
Smith County, Texas

60

# INVENTORY/RECEIPT/RELEASE FOR EXHIBITS

Cause # 114-0648-13      IN THE 114TH JUDICIAL DISTRICT COURT OF SMITH COUNTY, TEXAS

State of Texas          vs Joseph Pierce

OFFENSE Poss CS PG 1              CIVIL_____ CRIMINAL ✓____

ATTORNEYS: STATE Jacob Putman    DEFENSE Jason Ellis

DATE OF HEARING 10-21-13         DATE OF JUDGMENT_____

Y6

EXHIBIT NO.

| |
|---|
| SX 1S  in-Car police Cam video |
| Offered & Admitted on 10-24-13 |
| SX 2S- Photo |
| SX 3S- Photo |
| |
| |
| |
| |
| |
| Released by Cassie Condrey 2-17-14 |
| Lisa Hamilton |
| |
| |
| |
| |
| |
| |

COURT REPORTER: CASSIE CONDREY

61

Print Form

# COUNTY AND DISTRICT COURTS
## 114 DISTRICT COURT
### SMITH COUNTY, TEXAS



**THE STATE OF TEXAS**
**VS**
**Joseph Pierce**

NO: 114-0648-13
☐ INFO ☒ INDT DATE:
LOC:
☐ Bond ☒ Jail

## CHANGE IN STATUS IN CRIMINAL CASE

The status of the above styled case has been changed as follows:

1. Offense charged: **PCS W/INTENT TO DELIVER**

2. Date of offense:

3. Date of arrest:
4. Method of Disposition -

☐ Dismissed ☐ Guilty Plea ☐ Arraignment
☒ Jury Trial ☒ Guilty ☐ Not Guilty

5. Defendant found Guilty of **PCS W/INTENT TO DELIVER**
6. Punishment assessed:

| | | | |
|---|---|---|---|
| **70 yrs** | TDCJ | Fine | 250,000 |
| | PRO | Jail | |

7. Sentence to begin: **02-26-14**

8. Credit for time served: **YES**
9. Fine and Costs:

Fine $ **250,000** Due PD
Costs $ **YES** Due PD

10. Commitment issued:
11. Misc:

Date: **02-24-14**

**Judge Christi Kennedy/tcm**
Judge or Authorized Agent

62



NO. 114-0648-13

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| vs. | § | 114TH JUDICIAL DISTRICT |
| | § | |
| JOSEPH PIERCE | § | SMITH COUNTY, TEXAS |

## DEFENDANT'S MOTION TO ELECT THE JURY TO ASSESS PUNISHMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Joseph Pierce, Defendant, in the above-styled and numbered cause, in open Court at the time of entering his plea and, in accordance with Tex. Code Crim. Proc. Ann., Art. 37.07, elects that the punishment in this case be assessed by the jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that the Court grant this Motion in all things.

Respectfully submitted,

Joseph Pierce
Defendant

LAW OFFICES OF JASON A ELLIS, PLLC
120 S. Broadway Ave. Suite 109
Tyler, TX 75702
Tel:   903.705.6236
Fax:   903.705.6237

By:_____
Jason A. Ellis
State Bar No. 24052915
Attorney for Joseph Pierce

**63**

## CERTIFICATE OF SERVICE

This is to certify that on _____2/24/14_____, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Smith County, by hand delivery.

_____
Jason A. Ellis

## ORDER

ON THIS the _____ day of _____, 2014, came to be heard the foregoing Defendant's Motion to Elect the Jury to Assess Punishment, and the same is hereby GRANTED/DENIED.

_____
JUDGE



# Order Appointing Attorney

Cause No(s): 114-0648-13

<u>ATTORNEY ADDRESS:</u>

Attorney: JIM HUGGLER

Address: _____

City, State: _____

Zip: _____

Phone: _____

## COUNTY OF SMITH
## THE STATE OF TEXAS
## VS.

<u>JOSEPH PIERCE(APPEAL)</u>

DOB: _____

CHARGE: PCS W/INTENT TO DELIVER

ARREST DATE: _____

<u>DEFENDANT ADDRESS:</u>

Address: _____

City, State: _____

Zip: _____

Phone: _____

Dear: JIM HUGGLER

You have been appointed to represent the defendant in the above styled and numbered cause. You are not relieved of this appointment and cannot be relieved of this duty even by substitution without a motion and order signed by the Court. Your appointment continues through the appeal to the 12th Court of Appeals, unless the trial court permits your withdrawal.

If the defendant is in custody in the Smith County Jail, you are directed to contact the defendant by the end of the first working day after notice of appointment. Investigation and certain other expenses must have prior court approval.

Signed this (Date): 02-26-14

(Time): _____

**JUDGE CHRISTI KENNEDY/TCM**

Judge / Magistrate

CC: Defendant
    Attorney
    Court Coordinator, Presiding Judge ( District or CCL)
    Jail SB 7 Administrator (file)

CHECK THOSE THAT APPLY
- ☑ In Jail (Low Risk / Central)
- ☐ On Bond
- ☐ Interpreter

903-593-3830

65

# Fax Confirmation Report

Date & Time    : FEB-28-2014 09:59AM FRI
Fax Number     : 9035901626
Fax Name       : 114th Dist Court
Model Name     : WorkCentre 4250

Total Pages Scanned:          1

| No. | Remote Station | StartTime | Duration | Page | Mode | Job Type | Result |
|-----|----------------|-----------|----------|------|------|----------|--------|
| 001 | 99035933830 | 02-28 09:58AM | 00'40 | 001/001 | G3 | HS | Success |

Abbreviations:
HS:Host Send       PL:Polled Local    EC:Error Correct      TS:Terminated by System
HR:Host Receive    PR:Polled Remote   MP:Mailbox Print      RP:Report
WS:Waiting Send    MS:Mailbox Save    TU:Terminated by User G3:Group3

## Order Appointing Attorney

Cause No(s): 114-0848-13

**ATTORNEY ADDRESS:**
Attorney: JIM HUGGLER
Address:
City, State:
Zip:
Phone:

### COUNTY OF SMITH
### THE STATE OF TEXAS
### VS.

JOSEPH PIERCE(APPEAL)

DOB:
CHARGE: PCS W/INTENT TO DELIVER
ARREST DATE:

**DEFENDANT ADDRESS:**
Address:
City, State:
Zip:
Phone:

Dear: JIM HUGGLER

You have been appointed to represent the defendant in the above styled and numbered cause. You are not relieved of this appointment and cannot be relieved of this duty (even by substitution without a motion and order signed by the Court. Your appointment continues through the appeal to the 12th Court of Appeals, unless the trial court permits your withdrawal.

If the defendant is in custody in the Smith County Jail, you are directed to contact the defendant by the end of the first working day after notice of appointment. Investigation and certain other expenses must have prior court approval.

Signed this (Date): 02-28-14
(Time):

JUDGE CHRISTI KENNEDY/TCM
Judge / Magistrate

CC: Defendant
    Attorney
    Court Coordinator, Presiding Judge ( District or CCL)
    Jail SB 7 Administrator (Jlo)

CHECK THOSE THAT APPLY
☒ In Jail (Low Risk / Central)
☐ On Bond
☐ Interpreter

*902-593-3830*

66



CAUSE NO. 114-0648-13

THE STATE OF TEXAS | X | IN THE 114TH JUDICIAL

VS | | DISTRICT COURT OF

JOSEPH MICHAEL PIERCE | X | SMITH COUNTY, TEXAS

**CHARGE OF THE COURT**

Members of the jury,

The defendant, Joseph Michael Pierce, is accused of Possession of a Controlled Substance with Intent to Deliver. The defendant has pleaded "not guilty," and you have heard all of the evidence that will be produced on whether the defendant has been proved guilty.

Both sides will soon present final arguments. Before they do so, I must now give you the instructions you must follow in deciding whether the defendant has been proved guilty or not.

You will have a written copy of these instructions to take with you and to use during your deliberations.

First I will tell you about some general principles of law that must govern your decision of the case. Then, I will tell you about the specific law applicable to this case. Finally, I will instruct you on the rules that must control your deliberations.

**GENERAL PRINCIPLES**

**The Indictment**

The indictment is not evidence of guilt. The indictment is only a document required to bring the case before you. The indictment cannot be considered in any way by the jury. Do not consider the fact that the defendant has been arrested, confined, or indicted or otherwise charged. You may not draw any inference of

Page 1

**67**

guilt from any of these circumstances.

## Presumption of Innocence

The defendant is presumed innocent of the charge. All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. Unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case, the presumption of innocence alone is sufficient to acquit the defendant.

## Burden of Proof

The burden of proof throughout the trial is always on the state. The defendant does not have the burden to prove anything. The state must prove every element of the offense beyond a reasonable doubt to establish guilt for the offense. If the state proves every element of the offense beyond a reasonable doubt, then you must find the defendant guilty. If the state does not prove every element of the offense beyond a reasonable doubt, then you must find the defendant not guilty. If, after you have considered all the evidence and these instructions, you have a reasonable doubt about whether the defendant is guilty, you must find the defendant not guilty.

## Jury as Fact Finder

As the jurors, you review the evidence and determine the facts and what they prove. You judge the believability of the witnesses

and what weight to give their testimony.

In judging the facts and the believability of the witnesses, you must apply the law provided in these instructions.

**Evidence**

The evidence consists of the testimony and exhibits admitted in the trial. You must consider only evidence to reach your decision. You must not consider, discuss, or mention anything that is not evidence in the trial. You must not consider or mention any personal knowledge or information you may have about any fact or person connected with this case that is not evidence in the trial.

Statements made by the lawyers are not evidence. The questions asked by the attorneys are not evidence. Evidence consists of the testimony of the witnesses and materials admitted into evidence.

Nothing the judge has said or done in this case should be considered by you as an opinion about the facts of this case or influence you to vote one way or the other.

You should give terms their common meanings, unless you have been told in these instructions that the terms are given special meanings. In that case, of course, you should give those terms the meanings provided in the instructions.

While you should consider only the evidence, you are permitted to draw reasonable inferences from the testimony and exhibits that are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been

established by the evidence.

You are to render a fair and impartial verdict based on the evidence admitted in the case under the law that is in these instructions. Do not allow your verdict to be determined by bias or prejudice.

**Admitted Exhibits**

You may, if you wish, examine exhibits. If you wish to examine an exhibit, the foreperson will inform the court and specifically identify the exhibit you wish to examine. Only exhibits that were admitted into evidence may be given to you for examination.

**Testimony**

Certain testimony will be read back to you by the court reporter if you request. To request that testimony be read back to you, you must follow these rules. The court will allow testimony to be read back to the jury only if the jury, in a writing signed by the foreperson, (1) states that it is requesting that testimony be read back, (2) states that it has a disagreement about a specific statement of a witness or a particular point in dispute, and (3) identifies the name of the witness who made the statement. The court will then have the court reporter read back only that part of the statement that is in disagreement.

**The Verdict**

The law requires that you render a verdict of either "guilty" or "not guilty." The verdict of "not guilty" simply means that the state's evidence does not prove the defendant guilty beyond a reasonable doubt.

You may return a verdict only if all twelve of you agree on this verdict.

When you reach a verdict, the foreperson should notify the court.

## Defendant's Right to Remain Silent

The defendant has a constitutional right to remain silent. The defendant may testify on his own behalf. The defendant may also choose not to testify. The defendant's decision not to testify cannot be held against him, and it is not evidence of guilt. You must not speculate, guess, or even talk about what the defendant might have said if he had taken the witness stand or why he did not. The foreperson of the jury must immediately stop any juror from mentioning the defendant's decision not to testify.

## ACCUSATION

The state accuses the defendant of having committed the offense of possession of a controlled substance with intent to deliver it under two alternative theories.

## Liability as Primary Actor

First, the state contends that the defendant, by his own conduct, committed the offense of Possession of a Controlled Substance with Intent to Deliver. Specifically, the accusation is that the defendant did knowingly possess with intent to deliver a controlled substance, namely, methamphetamine in an amount by aggregate weight, including any adulterants or dilutants, of 400 grams or more.

## Party Liability

Second, the state contends that Marlina Adams did knowingly possess with intent to deliver a controlled substance, namely, methamphetamine in an amount by aggregate weight, including any adulterants or dilutants, of 400 grams or more, and the defendant is criminally responsible for this offense as a party because the defendant solicited, encouraged, directed, aided, or attempted to aid Marlina Adams in committing it.

**Relevant Statutes**

**Liability as Primary Actor**

A person commits an offense if the person knowingly possesses with intent to deliver a controlled substance and the amount of the controlled substance is, by aggregate weight, including adulterants or dilutants, more than 400 grams. Methamphetamine is a controlled substance. To prove that the defendant is guilty of possession of methamphetamine with intent to deliver, the state must prove, beyond a reasonable doubt, four elements. The elements are that—

1.   the defendant possessed methamphetamine; and

2.   the methamphetamine was, by aggregate weight, including adulterants or dilutants, 400 grams or more; and

3.   the defendant knew he was possessing a controlled substance; and

4.   the defendant intended to deliver the controlled substance.

A person commits the different offense of possession of a controlled substance if the person knowingly possesses a controlled substance. Methamphetamine is a controlled substance.

This offense is a lesser included offense of the offense of which the state accuses the defendant. To prove that the defendant is guilty of the lesser included offense of possession of a controlled substance, the state must prove, beyond a reasonable doubt, three elements. The elements are that:

1.   the defendant possessed methamphetamine; and

2.   the methamphetamine was, by aggregate weight, including adulterants or dilutants, 400 grams or more; and

3.   the defendant knew he was possessing a controlled substance.

## Responsibility for the Conduct of Another

A person who does not by his own conduct commit an offense may nonetheless be criminally responsible for the conduct of another person.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

To prove that the defendant is guilty of an offense committed by the conduct of another, the state must prove, beyond a reasonable doubt, three elements. The elements are that—

1.   the other person committed the offense; and

2.   the defendant solicited, encouraged, directed, aided, or attempted to aid the other person to commit the offense; and

3.   the defendant acted with the intent to promote or assist

in the commission of the offense by the other person.

## Sufficiency of Testimony of Accomplice

A person cannot be convicted of a crime on the uncorroborated testimony of an accomplice. An accomplice is someone whose participation in the crime would permit his conviction for the crime charged in the indictment.

You must determine whether Marlina Adams is an accomplice to the crime of Possession of a Controlled Substance with Intent to Deliver, if it was committed, or the lesser offense of Possession of a Controlled Substance. If you determine that Marlina Adams is an accomplice, you must then also determine whether there is evidence corroborating the testimony of Marlina Adams.

## Status of Witness

An accomplice is someone whose participation in the crime would permit his conviction for the crime charged in the indictment.

A person's participation in the crime permits the person's conviction for the crime if—

1. the person and the defendant, acting together, committed the crime; or

2. the person both—

   a. solicited, encouraged, directed, aided, or attempted to aid the defendant in committing the crime; and

   b. acted with the intent to promote or assist the commission of the offense; or

Page 8

**74**

3.   the person—

     a.   had a legal duty to prevent commission of the
          offense, and

     b.   failed to make a reasonable effort to prevent the
          offense, and

     c.   had at the time the intent to promote or assist the
          commission of the offense; or

4.   it can be shown that—

     a.   the person joined with the defendant in a
          conspiracy to commit a felony, and

     b.   the defendant committed the offense in furtherance
          of the unlawful purpose of that conspiracy, and

     c.   the offense was one that should have been
          anticipated as a result of the carrying out of the
          conspiracy.

**Corroboration of Testimony if Witness Is Accomplice**

If you find that Marlina Adams is an accomplice, you must
consider whether there is evidence corroborating the testimony of
Marlina Adams. Evidence is sufficient to corroborate the testimony
of an accomplice if that evidence tends to connect the defendant,
Joseph Michael Pierce, with the commission of the offense
committed. Evidence is not sufficient to corroborate the testimony
of an accomplice if that evidence merely shows an offense was
committed.

Proof that the defendant was merely present in the company of
the accomplice shortly before or after the time of any offense that

was committed is not, in itself, sufficient corroboration of the accomplice's testimony. That evidence, however, can be considered along with other suspicious circumstances.

Proof that the defendant was present at the scene of any crime that was committed is not, in itself, sufficient to corroborate the testimony of an accomplice. That evidence, however, can be considered along with other suspicious circumstances.

A person is not responsible for an offense committed by another if the person is merely present while the other commits the offense.

Two or more people can possess the same controlled substance at the same time.

If the evidence shows only that the defendant was at a place where the controlled substance was being possessed, that evidence alone is not enough to convict him.

If the evidence shows only that the defendant knew that someone else was in possession of the controlled substance, that evidence alone is not enough to convict him.

**Burden of Proof**

The state must prove, beyond a reasonable doubt, the accusation of possession of a controlled substance with intent to deliver it or possession of a controlled substance.

**Definitions**

*Possession*

"Possession" means actual care, custody, control, or management.

*Deliver*

"Deliver" means to transfer, actually or constructively, to another a controlled substance. The term includes offering to sell a controlled substance.

*Adulterant or Dilutant*

"Adulterant or dilutant" means any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance.

*Knew He Was Possessing Controlled Substance*

The phrase "knew he was possessing a controlled substance" means a person was aware that he was possessing something and aware that what he was possessing was a substance that in fact was a controlled substance.

*Intended to Deliver Controlled Substance*

The phrase "intended to deliver a controlled substance" means it was the person's conscious objective or desire to deliver something and the person knew that the thing he so intended to deliver was a substance that in fact was a controlled substance.

**Party Liability**

A defendant acts with intent to promote or assist in the commission of an offense when it is his conscious objective or desire to promote or assist in the commission of the offense.

A defendant's mere presence alone will not make him responsible for an offense. A defendant's mere knowledge of a crime or failure to disclose a crime is not sufficient.

A defendant is guilty of an offense committed by another under

the law set out here even if that other person has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or of a different type or class of offense, or is immune from prosecution.

## Reasonable Suspicion

You are instructed that no evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

You are further instructed that our law permits the stop and detention of a motorist by a peace officer without a warrant when the officer has reasonable suspicion to believe that a traffic offense has been committed.

By the term "reasonable suspicion," as used herein, is meant specific articulable facts which, when taken together with rational inferences from those facts, would warrant a man of reasonable caution to believe that an offense has been or is being committed. Driving on an improved shoulder is an offense against the law.

"Improved shoulder" means a paved shoulder.

"Shoulder" means the portion of a highway that is:

      a.    adjacent to the roadway;

      b.    designed or ordinarily used for parking;

      c.    distinguished from the roadway by different design, construction, or marking;

      d.    not intended for normal vehicular travel.

Therefore, bearing in mind these instructions, if you find from the evidence that, on the occasion in question, Trooper Jeremy Frazier did not have a reasonable suspicion to believe that Joseph Michael Pierce was driving on the improved shoulder, or if you have a reasonable doubt thereof, you will disregard any and all evidence obtained as a result of Joseph Michael Pierce's detention by the officer and you will not consider such evidence for any purpose whatsoever.

However, if you do find from the evidence that, on the occasion in question, Trooper Frazier did have a reasonable suspicion to believe that Joseph Michael Pierce was driving on the improved shoulder, then you may consider the evidence obtained by the officer as a result of the detention.

**Application of Law to Facts**

You must decide whether the state has proved, beyond a reasonable doubt, that the defendant is guilty of Possession of a Controlled Substance with Intent to Deliver, either as the primary actor or as a party.

You can convict the defendant on the testimony of Marlina Adams only if—

1.  you find that Marlina Adams was not an accomplice; or

2.  you find that Marlina Adams was an accomplice, and—

    a.  you believe that the testimony of Marlina Adams is true and shows the defendant is guilty; and

    b.  there is other evidence, outside of the testimony of Marlina Adams, that tends to connect the

defendant, Joseph Michael Pierce, with the commission of the offense charged; and

c.  on the basis of all of the evidence in the case, you believe beyond a reasonable doubt that the defendant is guilty.

**Liability as Primary Actor**

You must determine whether the state has proved the defendant committed the crime by his own conduct. To prove this, the state must prove, beyond a reasonable doubt, four elements. The elements are that-

1.  the defendant, Joseph Michael Pierce, possessed methamphetamine in Smith County, Texas, on or about February 22, 2013; and

2.  the methamphetamine was, by aggregate weight, including adulterants or dilutants, 400 grams or more; and

3.  the defendant knew he was possessing a controlled substance; and

4.  the defendant intended to deliver the controlled substance.

If you all agree the state has proved, beyond a reasonable doubt, elements 1, 2, 3, and 4 listed above, you must find the defendant "guilty."

**Liability as a Party**

If any of you fail to agree the state has proved, beyond a reasonable doubt, elements 1, 2, 3 and 4 listed above, you must next decide whether the state has proved, beyond a reasonable doubt, that the defendant is guilty because he is criminally responsible for the commission of a crime committed by the conduct of another person. This is the case if the state has proved, beyond a reasonable doubt, six elements. The elements are that—

1.  Marlina Adams possessed methamphetamine in Smith County,

Texas, on or about February 22, 2013; and

2. The methamphetamine was, by aggregate weight, including adulterants and dilutants, 400 grams or more; and

3. Marlina Adams knew she was possessing a controlled substance; and

4. Marlina Adams intended to deliver the controlled substance; and

5. the defendant Joseph Michael Pierce solicited, encouraged, directed, aided, or attempted to aid Marlina Adams to commit the offense of Possession of a Controlled Substance with Intent to Deliver; and

6. the defendant Joseph Michael Pierce acted with the intent to promote or assist the commission of the offense of Possession of a Controlled Substance with Intent to Deliver by Marlina Adams.

If you all agree the state has proved, beyond a reasonable doubt, either elements 1, 2, 3, and 4 above establishing the defendant's guilt as primary actor, or elements 1, 2, 3, 4, 5, and 6 listed above establishing the defendant's guilt as a party, then you must find the defendant "guilty" of Possession of a Controlled Substance with Intent to Deliver.

You need not be unanimous about the theory underlying either your "guilty" or "not guilty" verdict. If you all agree the defendant is guilty either as the primary actor (because the state has proved elements 1, 2, 3, and 4 of primary actor liability beyond a reasonable doubt) or as a party (because the state has

proved elements 1 through 6 of party liability beyond a reasonable doubt), then you must find the defendant "guilty."

If you all agree the state has either failed to prove elements 1, 2, 3, and 4 of primary actor liability or elements 1 through 6 of party liability, you must consider whether the state has proved the defendant committed the offense of Possession of a Controlled Substance.

You may find the state has proved elements 1, 2, and 3 as to primary actor liability, or elements 1, 2, 3, 5, and 6 as to party liability, but that the state has not proved the fourth element that the defendant (or Marlina Adams, as to party liability) intended to deliver the controlled substance.

You must agree on all three elements of the lesser included offense of possession of a controlled substance in order to find the defendant guilty of this lesser included offense as a primary actor. You must all agree on elements 1, 2, 3, 5, and 6 of the lesser included offense of possession of a controlled substance in order to find the defendant guilty of the lesser included offense.

You need not be unanimous about the theory underlying either your "guilty" or "not guilty" verdict. If you all agree the defendant is guilty of the lesser included offense, either as the primary actor (because the state has proved elements 1, 2, and 3 of primary actor liability beyond a reasonable doubt) or as a party (because the state has proved elements 1, 2, 3, 5, and 6 of party liability beyond a reasonable doubt), then you must find the defendant "guilty."

Page 17

**83**

If you all agree the State has failed to prove, beyond a reasonable doubt, either all elements of possession of a controlled substance with intent to deliver, whether as a primary actor or as a party, or all elements of possession of a controlled substance, whether as a primary actor or as a party, then you must find the defendant "not guilty."

## RULES THAT CONTROL DELIBERATIONS

You must follow these rules while you are deliberating and until you reach a verdict. After the closing arguments by the attorneys, you will go into the jury room.

Your first task will be to pick your foreperson. The foreperson should conduct the deliberations in an orderly way. Each juror has one vote, including the foreperson. The foreperson must supervise the voting, vote with other members on the verdict, and sign the verdict sheet.

While deliberating and until excused by the trial court, all jurors must follow these rules:

1. You must not discuss this trial with any court officer, or the attorneys, or anyone not on the jury.

2. You must not discuss this case unless all of you are present in the jury room. If anyone leaves the room, then you must stop your discussions about the case until all of you are present again.

3. You must communicate with the judge only in writing, signed by the foreperson and given to the judge through the officer assigned to you.

4. You must not conduct any independent investigations, research, or experiments.

5. You must tell the judge if anyone attempts to contact you about the case before you reach your verdict.

Your sole duty at this point is to determine whether the defendant has been proved guilty. You must restrict your

deliberations to this matter.

After you have arrived at your verdict, you are to use one of the forms attached to these instructions. You should have your foreperson sign his or her name to the particular form that conforms to your verdict.

After the closing arguments by the attorneys, you will begin your deliberations to decide your verdict.

SIGNED this the 20th day of February, 2014.

HONORABLE CHRISTI KENNEDY
JUDGE PRESIDING
114TH JUDICIAL DISTRICT COURT
SMITH COUNTY, TEXAS

Page 20

86

INDICATE YOUR VERDICT BY SIGNING ONLY <u>ONE</u> OF THE VERDICT FORMS
BELOW:

CAUSE NO. 114-0648-13

VERDICT FORM

WE, THE JURY, FIND THE DEFENDANT, JOSEPH MICHAEL PIERCE, NOT
GUILTY.

_____
PRESIDING JUROR

VERDICT FORM

WE, THE JURY, FIND THE DEFENDANT, JOSEPH MICHAEL PIERCE,
GUILTY OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO
DELIVER, AS CHARGED IN THE INDICTMENT.

*Sandra Davis*
_____
PRESIDING JUROR

VERDICT FORM

WE, THE JURY, FIND THE DEFENDANT, JOSEPH MICHAEL PIERCE,
GUILTY OF POSSESSION OF A CONTROLLED SUBSTANCE, AS CHARGED UNDER
THE INDICTMENT.

_____
PRESIDING JUROR

FEB 26 2014

Page 21

87

CAUSE NO. 114-0648-13

| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
| | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| JOSEPH MICHAEL PIERCE | § | SMITH COUNTY, TEXAS |

# WE HAVE REACHED A VERDICT.

_____
PRESIDING JUROR

FEB 26 2014

CLERK 114th JUD DIST. COURT SMITH CO., TX
BY _____ DEPUTY

Page 22

88

CAUSE NO. 114-0648-13

THE STATE OF TEXAS      X      FEB 28 2014 4TH JUDICIAL

VS      X      DISTRICT COURT OF

JOSEPH MICHAEL PIERCE      X      CLERK 114th   LOIS ROGERS   SMITH COUNTY, TEXAS

### CHARGE OF THE COURT

Members of the jury,

You have found the defendant, Joseph Michael Pierce, guilty of
the offense of Possession of a Controlled Substance with Intent to
Deliver It. Now you must determine the sentence to be imposed on
the defendant. Both sides will soon present final arguments on
sentencing. Before they do so, I must now give you the instructions
you must follow in determining the defendant's sentence. You will
have a written copy of these instructions to take with you and to
use during your deliberations. First I will tell you about some
general principles of law that must govern your decision of the
case. Then I will tell you about the specific law applicable to
this case. Finally, I will instruct you on the rules that must
control your deliberations.

### GENERAL PRINCIPLES

### Jury as Fact Finder

As the jurors, you review the evidence and determine the facts
and what they prove. You judge the believability of the witnesses
and what weight to give their testimony.

In judging the facts and the believability of the witnesses,
you must apply the law provided in these instructions.

## Evidence

In determining the sentence to be imposed on the defendant, you may take into consideration all the evidence admitted before you. This includes the evidence admitted during the first stage of the trial concerning the defendant's guilt as well as any evidence admitted during this punishment stage.

The evidence consists of the testimony and exhibits admitted in the trial. You must consider only evidence to reach your decision. You must not consider, discuss, or mention anything that is not evidence in the trial. You must not consider or mention any personal knowledge or information you may have about any fact or person connected with this case that is not evidence in the trial.

Statements made by the lawyers are not evidence. The questions asked by the attorneys are not evidence. Evidence consists of the testimony of the witnesses and materials admitted into evidence.

Nothing the judge has said or done in this case should be considered by you as an opinion about the facts of this case or influence you to vote one way or the other.

You should give terms their common meanings, unless you have been told in these instructions that the terms are given special meanings. In that case, of course, you should give those terms the meanings provided in the instructions.

While you should consider only the evidence, you are permitted to draw reasonable inferences from the testimony and exhibits that are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and

**90**

common sense lead you to draw from the facts that have been established by the evidence.

You are to render a fair and impartial verdict based on the evidence admitted in the case under the law that is in these instructions. Do not allow your verdict to be determined by bias or prejudice.

**Admitted Exhibits**

You may, if you wish, examine exhibits. If you wish to examine an exhibit, the foreperson will inform the court and specifically identify the exhibit you wish to examine. Only exhibits that were admitted into evidence may be given to you for examination.

**Testimony**

Certain testimony will be read back to you by the court reporter if you request. To request that testimony be read back to you, you must follow these rules. The court will allow testimony to be read back to the jury only if the jury, in a writing signed by the foreperson, (1) states that it is requesting that testimony be read back, (2) states that it has a disagreement about a specific statement of a witness or a particular point in dispute, and (3) identifies the name of the witness who made the statement. The court will then have the court reporter read back only that part of the statement that is in disagreement.

**Defendant's Right to Remain Silent**

The defendant has a constitutional right to remain silent. The defendant may testify on his own behalf. The defendant may also choose not to testify. The defendant's decision not to testify

cannot be held against him, and it is not evidence of guilt. You must not speculate, guess, or even talk about what the defendant might have said if he had taken the witness stand or why he did not. The foreperson of the jury must immediately stop any juror from mentioning the defendant's decision not to testify.

**Burden of Proof for Wrongful Acts**

During the trial, you heard evidence that the defendant may have committed wrongful acts that did not result in any criminal charges or that did not result in criminal convictions. You are not to consider any evidence of any particular wrongful act unless you find, beyond a reasonable doubt, that the defendant did, in fact commit that wrongful act. Those of you who believe the defendant did the wrongful act may consider it.

**Assessing the Punishment**

In arriving at the amount of punishment, you must decide the sentence by a full, fair and free expression of the opinion of the individual jurors. You must not decide the sentence by lot or by chance. For example, you may not agree beforehand to be bound by the result of a procedure by which each juror gives the number of years the juror thinks should be served, these are then added, and the result is divided by twelve.

To reach a verdict, all twelve of you must agree.

## LAW APPLICABLE TO THIS CASE

You have found the defendant, Joseph Michael Pierce, guilty of Possession of a Controlled Substance with Intent to Deliver It.

### Relevant Statutes

This offense is punishable by:

1.  A term of imprisonment for no less than 15 years and no more than 99 years or for Life; or

2.  A term of imprisonment for no less than 15 years and no more than 99 years or for Life and a fine of no more than $250,000.

### Parole and Good Conduct Time

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or 15 years,

whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot be accurately predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

**Verdict**

You are therefore to determine and state in your verdict:

1.   The term of imprisonment to be imposed on the defendant for no less than 15 years and no more than 99 years or for Life; or

2.   The term of imprisonment to be imposed on the defendant for no less than 15 years and no more than 99 years or for Life and a fine of no more than $250,000.

**94**

## RULES THAT CONTROL DELIBERATIONS

You must follow these rules while you are deliberating and until you reach a verdict. After the closing arguments by the attorneys, you will go into the jury room.

The foreperson should conduct the deliberations in an orderly way. Each juror has one vote, including the foreperson. The foreperson must supervise the voting, vote with other members on the verdict, and sign the verdict sheet.

While deliberating and until excused by the trial court, all jurors must follow these rules:

1. You must not discuss this trial with any court officer, or the attorneys, or anyone not on the jury.

2. You must not discuss this case unless all of you are present in the jury room. If anyone leaves the room, then you must stop your discussions about the case until all of you are present again.

3. You must communicate with the judge only in writing, signed by the foreperson and given to the judge through the officer assigned to you.

4. You must not conduct any independent investigations, research, or experiments.

5. You must tell the judge if anyone attempts to contact you about the case before you reach your verdict.

After you have arrived at your verdict, you are to use one of the forms attached to these instructions. You should have your foreperson sign his or her name to the particular form that

**95**

conforms to your verdict.

After the closing arguments by the attorneys, you will begin your deliberations to decide your verdict.

SIGNED this the 26t day of February, 2014.

_____
HONORABLE CHRISTI KENNEDY
JUDGE PRESIDING
114TH JUDICIAL DISTRICT COURT
SMITH COUNTY, TEXAS

INDICATE YOUR VERDICT BY SIGNING ONLY <u>ONE</u> OF THE VERDICT FORMS BELOW:

CAUSE NO. 114-0648-13

VERDICT FORM

We, the jury, having found the defendant, Joseph Michael Pierce, guilty of the offense of Possession of a Controlled Substance with Intent to Deliver, assess his punishment at: (select one)

_____    confinement by the Texas Department of Criminal Justice for a term of _____ years and no fine.

_✓_____    confinement by the Texas Department of Criminal Justice for a term of __70__ years and a fine of $_250,000___.

_____    confinement by the Texas Department of Criminal Justice for life and no fine.

_____    confinement by the Texas Department of Criminal Justice for life and a fine of $_____

_____
PRESIDING JUROR



FEB 26 2014

Page 9

**97**

CAUSE NO. 114-0648-13

| THE STATE OF TEXAS | § | IN THE 114TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| JOSEPH MICHAEL PIERCE | § | SMITH COUNTY, TEXAS |

# WE HAVE REACHED A VERDICT.

PRESIDING JUROR



FEB 26 2014

Page 10

98

2-26-14

NO lunch, will start

Sandra Davis

FILE

FEB 26 2014

LOIS ROGERS
CLERK, 14th JUD DIST COURT, SMITH CO., TX
BY _____ DEPUTY

99

# 114TH JUDICIAL DISTRICT COURT

**Smith County, Texas**
**Judge Christi Kennedy, Presiding**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | CAUSE NUMBER(S) 114-0648-13 |
| VS. | § | OFFENSE(S): *Possession of a controlled* |
| JOSEPH MICHAEL PIERCE | | *substance with intent to Deliver* |

## PAUPERS OATH APPLICATION

I, _JOSEPH Michael Pierce_, am a Defendant in the above entitled action. I am not represented by counsel in the proceeding. I have no assets except the following:

Are you employed?  ☐ Yes  ☑ No
My earnings are: $ _0_
Employer _0_
Phone Number _0_
Address of Employer _NA_
Amount of weekly/monthly earnings _0_

*If unemployed list the last job you had and efforts to gain employment:*
_Merrit Electrical_

2. I have other income in the amount of (state source of income and amount per week/month) _0_

3. I AM /I AM NOT married and support _0_ children and or other dependents who are (name and relationship) _SEPARATED_

4. Earnings of my spouse and or children are (name of employer and amount of weekly/monthly earnings) _0_

5. I have the following Money:

| At Home | $ _0_ | Checking Account | $ _0_ |
|---|---|---|---|
| Savings Account | $ _0_ | Safety Deposit Box | $ _0_ |
| Due/Owed to Me | $ _0_ | Other | $ _0_ |

**100**

6. I own the following property: (Address and Location)

| If you lease any of the following, please note | VALUE | PAYMENTS | BALANCE | LEASE Yes or No |
|---|---|---|---|---|
| Home | 0 | | | |
| Automobiles | 0 | | | |
| Furniture | 0 | | | |
| Other Land/Buildings | 0 | | | |
| Notes, Mortgages, Trust & Deeds | 0 | | | |
| Stocks & Bonds | 0 | | | |
| Animals of Value | 0 | | | |
| Jewelry | 0 | | | |
| Other Personal Property | 0 | | | |

7. I have the following debts and expenses (groceries, child care, etc). *List the debts separately; be specific:*
   _50,000 Court Cost_

8. I pay the following utilities _0_

9. I have the following relatives and/or friends who would be interested in my defense and might lend me money to hire an attorney. If yes, list the name and address of relative.
   _N/A_

10. I AM / AM NOT free on bond. Amount of bond $ _____
    Name of person who paid for the bond _____
    Bondsman's Name: _____

11. I am currently represented by attorney _____ on other charges pending in another court(s) My attorney is RETAINED / APPOINTED.

12. Current Address (include zip code): _JAIL_ _206 E Elm St Tyler TX 765 75702_
    Phone Number ( ) _N/A_
    Name & Phone Number of nearest relative: _0_

**I have no ability to obtain credit to raise funds with which to employ an attorney and desire the court to appoint an attorney to defend me.**

Date: _2/26/2014_                                                      _Joseph Michael Pierre_
                                                                       **Defendant**

Subscribed and sworn to before me, the undersigned authority, on this the _26_ day of _____, 2014

CLERK: _____

**OFFICE-USE ONLY**

I have reviewed the foregoing and find that the accused is / is not indigent.

_February 26, 2014_ (Date)

**101**

# Appendix: Certification of Defendant=s Right of Appeal

NO. 114-0648-13

| | | |
|---|---|---|
| The State of Texas | | in the 114th Court |
| VS. | FEB 26 2014 | OF |
| JOSEPH PIERCE | LOIS R___ | SMITH County |
| Defendant | CLERK, 114th JUD. C___ SMITH CO. ___ B___ | Texas |

## TRIAL COURT=S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☑ is not a plea-bargain case, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, not the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, and the defendant has NO right of appeal. [or]

☐ the defendant has waived the right of appeal.

_____
Judge

2/26/14
_____
Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any rights to file a (**pro se**) petition for discretionary review pursuant to **Rule 68** of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals=s judgment and opinion to my last known address and that I have 30 days in which to file a (**pro se**) petition for discretionary review in the Court of Criminal Appeals. Tex. R. APP P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a (**pro se**) petition for discretionary review.

_____
Defendant (if not represented by counsel)
Mailing Address: 9920 Trendale Dr. Greenwell
Springs, La
70739
Telephone Number: _____

_____
Defendant=s Counsel
State Bar of Texas ID Number 24052925
Mailing Address: _____
120 S Broadway Ave St. 109
Tyler Tx 75702

**102**

NO. 114-0648-13

FILED
LOIS ROGERS
DISTR... ... RK

SMITH CO... TX

BY KA
DEPUTY

| | |
|---|---|
| STATE OF TEXAS | IN THE DISTRICT COURT |
| vs. | 114th JUDICIAL DISTRICT |
| JOSEPH MICHAEL PIERCE | SMITH COUNTY, TEXAS |

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Joseph Michael Pierce, Defendant in the above styled and numbered cause, and gives this written notice of appeal to the Court of Appeals of the State of Texas from the judgment of conviction and sentence herein rendered against Joseph Michael Pierce.

Respectfully submitted,

JAMES W. HUGGLER, JR.
100 E. Ferguson, Suite 805
Tyler, Texas 75702
Tel: (903) 593-2400
Fax: (903) 593-3830

By: _____
James W. Huggler, Jr.
State Bar No. 00795437
Attorney for Joseph Michael Pierce

## CERTIFICATE OF SERVICE

This is to certify that on February 28, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Smith County, 100 N. Broadway, 4th Floor, Tyler, Texas 75702, by hand delivery.

_____
James W. Huggler, Jr.

**103**



NO. 114-0648-13

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| vs. | § | 114th JUDICIAL DISTRICT |
| JOSEPH MICHAEL PIERCE | § | SMITH COUNTY, TEXAS |

## WRITTEN DESIGNATION SPECIFYING MATTERS FOR INCLUSION IN CLERK'S RECORD

TO THE CLERK OF SAID COURT:

Now comes Joseph Michael Pierce, Defendant in the above styled and numbered cause, and pursuant to Rule 34.5(a)(12) and 34.5(b), Texas Rules of Appellate Procedure, designates the following matters to be included in the Clerk's Record:

1. Complaint;

2. Capias;

3. Affidavit of indigency;

4. Correspondence and communication between Court and counsel;

5. All motions and pleadings filed by the state or the defendant and not otherwise required to be included under Rule 34.5(a), Texas Rules of Appellate Procedure;

6. All orders issued by Court and not otherwise required to be included under Rule 34.5(a), Texas Rules of Appellate Procedure;

7. Jury panel lists;

8. Jury strike lists of the state, the defendant and the Court;

9. Juror information forms;

10. All verdict forms submitted to the jury;

11. Sentence;

12. Commitment;

13. Motion for New Trial;

14. Motion in Arrest of Judgment;

15. Communications between Court and jury;

**104**

16. Objections to Court's Charge and Special Requested Jury Instructions, and rulings by the Court;

17. Rulings of the Court on all written bills of exception;

18. All exhibits admitted into evidence;

19. All defense exhibits offered into evidence but not received in evidence;

20. Any pre-sentence investigation report, pursuant to Article 42.12§9 of the Texas of Criminal Code of Criminal Procedure;

21. Any bill of costs associated with Article 103.001 of the Texas Code of Criminal Procedure; and

22. Those items identified in Rule 34.5(a)(1) through (11), Texas Rules of Appellate Procedure, and all other matters required by the Texas Code of Criminal Procedure, or any other law.

Respectfully submitted,

JAMES W. HUGGLER, JR.
100 E. Ferguson, Suite 805
Tyler, Texas 75702
Tel: (903) 593-2400
Fax: (903) 593-3830

By: _____
James W. Huggler, Jr.
State Bar No. 00795437
Attorney for Joseph Michael Pierce

## CERTIFICATE OF SERVICE

This is to certify that on February 28, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Smith County, 100 N. Broadway, 4th Floor, Tyler, Texas 75702, by hand delivery.

_____
James W. Huggler, Jr.

**105**

NO. 114-0648-13

FILED
LOIS RO...RS
DIS...

STATE OF TEXAS       §    IN THE DISTRICT COURT,

vs.               §    114th JUDICIAL DISTRICT

JOSEPH MICHAEL PIERCE   §    SMITH COUNTY, TEXAS

## REQUEST FOR PREPARATION OF REPORTER'S RECORD
## AND DESIGNATION OF MATTERS TO BE INCLUDED

TO THE CLERK AND COURT REPORTER OF SAID COURT:

    Now comes Joseph Michael Pierce, Defendant in the above styled and numbered cause, and requests the court reporter or reporters who made the record in this cause to prepare a reporter's record, and that the testimony included in the reporter's record be in question and answer form.

    Joseph Michael Pierce designates that the following matters be included in the reporter's record:

1.   Testimony of all witnesses, heard in and outside the jury's presence, including questions and objections of counsel and the ruling and remarks of the Court thereon;

2.   Voir dire of jury venire, including objections of counsel and the ruling and remarks of the Court thereon;

3.   Arguments and opening and closing statements of counsel, including objections of counsel and the ruling and remarks of the Court thereon;

4.   All matters heard outside the presence of the jury, including pre-trial, trial and post-trial hearings, charge conferences and bench conferences, objections, rulings, and remarks of the Court thereon;

5.   All bills of exception and testimony thereon, including objections of counsel, and the ruling and remarks of the Court thereon;

6.   Testimony taken during sentencing proceedings, including arguments and objections of counsel, and the ruling and remarks of the Court thereon;

7.   Testimony taken during motion for new trial proceedings, including arguments

and objections of counsel, and the ruling and remarks of the Court thereon; and

8. All exhibits offered or introduced into evidence.

WHEREFORE, PREMISES CONSIDERED, Joseph Michael Pierce respectfully prays that this Court grant this request, and order preparation of the reporter's record in this case.

Respectfully submitted,

JAMES W. HUGGLER, JR.
100 E. Ferguson, Suite 805
Tyler, Texas 75702
Tel: (903) 593-2400
Fax: (903) 593-3830

By: _____
James W. Huggler, Jr.
State Bar No. 00795437
Attorney for Joseph Michael Pierce

## CERTIFICATE OF SERVICE

This is to certify that on February 28, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Smith County, 100 N. Broadway, 4th Floor, Tyler, Texas 75702, by hand delivery.

_____
James W. Huggler, Jr.

NO. 114-0648-13

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| vs. | § | 114th JUDICIAL DISTRICT |
| JOSEPH MICHAEL PIERCE | § | SMITH COUNTY, TEXAS |

## ORDER

On _March 25_, 2014, came on to be considered Joseph Michael

Pierce's Request for Preparation of Reporter's Record and Designation of Matters to be

Included, and said motion is hereby

(Granted)     (Denied)

_____
JUDGE PRESIDING

3/25/14

FILED

MAR 25 2014

CLERK ____ ____ SMITH CO. TX
BY _____                      DEPUTY

**108**

NO. 114-0648-13

FILED
LOIS ROGERS
DISTR... ...OR

| | |
|---|---|
| STATE OF TEXAS | IN THE DISTRICT COURT |
| vs. | 114th JUDICIAL DISTRICT |
| JOSEPH MICHAEL PIERCE | SMITH COUNTY, TEXAS |

## MOTION FOR A FREE REPORTER'S RECORD ON APPEAL

## TO THE CLERK OF SAID COURT:

Now comes Joseph Michael Pierce, Defendant, by and through undersigned counsel, and respectfully moves that this Court order the preparation of a free reporter's record on appeal pursuant to Rule 20.2 of the Texas Rules of Appellate Procedure, and for good cause shows the following:

1. Joseph Michael Pierce was convicted of Possession of a Controlled Substance on February 24, 2014.

2. Joseph Michael Pierce gave written notice of appeal from this judgment of conviction on February 28, 2014. On February 28, 2014, Joseph Michael Pierce designated certain matters to be included in the reporter's record and in the clerk's record. Previous counsel has also filed a motion with the Court of Appeals to extend the time to file a notice of appeal, which appears to have been granted by that Court.

3. Under Rule 20 of the Texas Rules of Appellate Procedure, "the court must order the reporter to transcribe the proceedings" if the appellant cannot pay or give security for the appellate record. Indigency "is a matter of the defendant's financial status at the time of appeal, not at the time of trial." Zanghetti v. State, 582 S.W.2d 461 (Tex. Crim. App. 1979).

4. Joseph Michael Pierce is unable to pay for or give security for the reporter's record in this cause. On February 26, 2014, this Court appointed counsel finding that Mr. Pierce was unable to afford counsel for purposes of this direct appeal.

**109**

5.  Joseph Michael Pierce requests an evidentiary hearing at which time proof of inability to pay or give security for this reporter's record can be offered.

WHEREFORE, PREMISES CONSIDERED, Joseph Michael Pierce prays that this Court grant this Motion For A Free Reporter's Record on Appeal.

Respectfully submitted,

Law Office of James Huggler
100 E. Ferguson, Suite 805
Tyler, Texas 75702
Tel: (903) 593-2400
Fax: (903) 593-3830

By: _____
James Huggler
State Bar No. 00795437
Attorney for Joseph Michael Pierce

## CERTIFICATE OF SERVICE

This is to certify that on February 28, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Smith County, 100 N. Broadway, 4th Floor, Tyler, Texas 75702, by hand delivery.

_____
James Huggler

STATE OF TEXAS

COUNTY OF SMITH

§
§
§

### AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared James Huggler, who after being duly sworn stated:

"I am the attorney for the defendant in the above entitled and numbered cause. I have read the foregoing Motion for A Free Reporter's Record On Appeal and swear that all of the allegations of fact contained therein are true and correct."

_____
James Huggler
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on February 28, 2014, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

Amie Jane Gonzalez
Notary Public, State of Texas
My Commission Expires:
July 19, 2014

**111**

NO. 114-0648-13

| STATE OF TEXAS | | IN THE DISTRICT COURT |
| vs. | | 114th JUDICIAL DISTRICT |
| JOSEPH MICHAEL PIERCE | | SMITH COUNTY, TEXAS |

## ORDER

On _March 25_, 2014, came on to be considered Joseph Michael Pierce's Motion for Free Reporter's Record on Appeal, and said motion is hereby

(Granted)    (Denied)

3/25/14

_____
JUDGE PRESIDING

F I L E D

MAR 25 2014

CLERK, 114th JUD. DIST. COURT, SMITH CO., TX
BY _____ LOIS ROGERS _____ DEPUTY

112

| THE STATE OF TEXAS | | IN THE 114TH DISTRICT COURT |
|---|---|---|
| v. | | DISTRICT COURT 2014 |
| JOSEPH MICHAEL PIERCE | | SMITH COUNTY, TEXAS |
| STATE ID NO.: 06384054 | | |

## JUDGMENT OF CONVICTION BY JURY

| Judge Presiding: | HON. Christi Kennedy | Date Judgment Entered: | 02/24/14 |
|---|---|---|---|
| Attorney for State: | JACOB PUTMAN CHRIS GATEWOOD | Attorney for Defendant: | ELLIS, JASON |

Offense for which Defendant Convicted:
**POSS CS PG 1 >=400G**

| Charging Instrument: INDICTMENT | Statute for Offense: HEALTH AND SAFETY CODE: 481.112 |
|---|---|

Date of Offense:
02/22/13

| Degree of Offense: 1ST Degree Felony(punishment range enhanced by weight) | Plea to Offense: NOT GUILTY |
|---|---|

| Verdict of Jury: GUILTY | Findings on Deadly Weapon: |
|---|---|

| Plea to 1st Enhancement Paragraph: | NONE | Plea to 2nd Enhancement/Habitual Paragraph: | NONE |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | NONE | Findings on 2nd Enhancement/Habitual Paragraph: | NONE |

| Plea to Jurisdictional Paragraph: | NONE |
|---|---|

| Findings on Jurisdictional Paragraph: | NONE |
|---|---|

| Punished Assessed by: JURY | Date Sentence Imposed: FEBRUARY 24, 2014 | Date Sentence to Commence: FEBRUARY 24, 2014 |
|---|---|---|

| Punishment and Place of Confinement: | SEVENTY(70)YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE. |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

| FINE: $250,000 | COURT COSTS:$354.00 |
|---|---|

| Time Credited: | **367 DAYS** |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Smith County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

X  Defendant appeared in person with Counsel.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

X **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

X **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Smith County District Clerk's Office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

**Execution / Suspension of Sentence (select one)**

X The Court ORDERS Defendant's sentence EXECUTED.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

X **Attachment A, Order to withdraw funds, is incorporated into this judgment and made a part hereof.**

Signed and Ordered on This ___ Day of _____, 20__

X _____
Christi Kennedy, JUDGE PRESIDING

Clerk: TAMMY CAMP-MILLER



Right Thumbprint:

## CAUSE NO: 114-0648-13

| STATE OF TEXAS | § | 114TH DISTRICT COURT |
| | § | |
| VS, | § | |
| | § | SMITH COUNTY, TEXAS |
| | § | |
| JOSEPH MICHAEL PIERCE | | |

## ATTACHMENT A
## ORDER TO WITHDRAW FUNDS

TO; INMATE TRUST ACCOUNT TEXAS DEPARTMENT OF CRIMINAL JUSTICE
COPY TO: **(JOSEPH MICHAEL PIERCE) AKA:**                TDCJ#:      SID#:06384054

GREETINGS:

THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees and/or restitution in the 114TH District of Smith County, Texas, in the above entitled cause in accordance with the sentence imposed as reflected in the judgment to which this Order is attached. The Court finds that the offender is unable to pay court costs, fees and/or fines and or restitution on this date and that the funds shall be withdrawn from the offender's Inmate Trust Account. Court costs, fees and/or fines and/or restitution have been incurred in the amount $354.00.

THE COURT ORDERS that payment be made out of the offender's Inmate Trust account as follows:
Pay an initial amount equal to the lesser of:
    (1) 15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is
        between $100.01 and $500 inclusive, plus 50% of any partition of the account
        Balance that is more than $500; or
    (1) The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.
        After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:
    (1) 10% of each deposit in the offender's Inmate Trust Account; or
    (1) The total amount of court costs, fees and/or fines and/or restitution that remains unpaid/
Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

On receipt of a copy of this Judgment, the department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the Smith County District District Clerk, 100 North Broadway #204 Tyler, Texas 75702 on the earlier of the following dates:

    (1) Monthly

    (1) The date the total amount to be forwarded equals the total amount which remains unpaid; or

    (2) The date the offender is released.

THIS ORDER is entered and incorporated into the Judgment and Sentence of this Court and pursuant to Government Code, Section 501.014 on this 24th day of the FEBRUARY, 2014.

**115**

Cause No. 114-0648-13

FILED

MAR 1 9 2014

CLERK, 114th JUD. DIST. COURT, SMITH CO., TX
BY _____ DEPUTY

THE STATE OF TEXAS

VS

Joseph Michael Pierce

IN THE DISTRICT COURT

OF

SMITH COUNTY TEXAS

# BILL OF COSTS

| Fee Code | Fee Description | Initial Amount | Balance |
|----------|-----------------|----------------|---------|
| FINE | FINE | $250,000.00 | $250,000.00 |
| CLERK | CLERK'S FEE | $40.00 | $40.00 |
| CCC | CONSOLIDATED COURT FEES | $133.00 | $133.00 |
| RM | RECORDS MANAGEMENT | $22.50 | $22.50 |
| CHS | COURTHOUSE SECURITY | $5.00 | $5.00 |
| WF | WARRANT FEE | $50.00 | $50.00 |
| JT | JURY TRIAL FEE | $20.00 | $20.00 |
| RMP-DC | Records Management & Preservation Fee -- DC | $2.50 | $2.50 |
| JSF | Jury Service Fee | $4.00 | $4.00 |
| SJFS | JUDICIARY FUND STATE | $5.40 | $5.40 |
| SJFC | JUDICIARY FUND COUNTY | $0.60 | $0.60 |
| IDCC | INDIGENT DEFENSE COURT COST | $2.00 | $2.00 |
| TECH | TECHNOLOGY FEE | $4.00 | $4.00 |
| DCP | DRUG COURT PROGRAM | $60.00 | $60.00 |
| EFF.CR | EFILING FEES CRIMINAL | $5.00 | $5.00 |
| TP | TIME PAYMENT | $25.00 | $25.00 |
| | Total: | $250,379.00 | $250,379.00 |

An additional time payment fee of $25.00 will be assessed if any part of a fine, court costs, or restitution is paid on or after the 31ST day after the date the judgment assessing the fine, court costs or restitution is entered. *See Texas Local Government Code, Section 133.103.*

Date: 3-19-14    Deputy  *a fox*
April Fox

116

# CRIMINAL DOCKET - CAUSE NO 114-0648-13

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| THE STATE OF TEXAS | MATT BINGHAM – STATE | POSS CS PG 1 >=400G, F* | 05/16/13 |
| VS. | | Offense Date: 02/22/13<br>Arrest Date: 02/22/13 | CHARGING INSTRUMENT:<br>INDICTMENT |
| Joseph Michael Pierce<br>W/M DOB: 08/09/78<br>9420 TRENDALE, Greenwell Springs, LA 70739. | ~~LACY, LA JUANDA T~~<br>*Jason Ellis* | Bond Amt:<br>$250,000.00W/COND<br>Bond Co.: | |

| DATE OF ORDERS | | ORDERS OF THE COURT |
|---|---|---|
| **Month/Day/Year** | | |
| 5-16-13 | | INDICTMENT |
| 5-21-13 | | GRAND JURY MINUTES |
| 5-21-13 | | ORDER OF TRANSFER |
| 5-22-13 | | ORDER TRANSFER ( ) / RECEIVING ( ) |
| 5-22-13 | | SCHEDULING ORDER |
| 5-23-13 | | CAPIAS, PRECEPT, AND BOND CONDITIONS ISSUED |
| 5 | 21 13 | *WM* |
| 5 | 31 13 | capias returned |
| 6 | 25 13 | states pre trial motions |
| 6 | 27 13 | letter from def. |
| 7 | 9 13 | Mot. to reduce bond |
| 7 | 10 13 | Order setting hearing |
| 7 | 11 13 | States Mot. for Joinder of cases |

117

| DATE OF ORDERS Month/Day/Year | | ORDERS OF THE COURT | MINUTE BOOK VOL. | PAGE |
|---|---|---|---|---|
| 7 | 26 13 | Letter of Representation | | |
| 7 | 31 13 | Order setting hearing | | |
| 7 | 31 13 | Supplemental discovery form | | |
| 8 | 5 13 | Motion to sever | | |
| 8 | 16 13 | Motion to preserve evidence | | |
| 9 | 3 13 | Subpoena Request | | |
| 9 | 9 13 | US for Jry Trul 10 21 13 2 3T 30SMN | | |
| 9 | 13 13 | Request for Crim Subpoena Duces Tecum Returned | | |
| 10 | 14 13 | State's Third Response to List Witnesses | | |
| 10 | 18 13 | Subpoena issued | | |
| 12 | 18 13 | pretrial orders signed | | |
| 12 | 18 13 | Order on deft's mot. to suppress | | |
| 12 | 18 13 | Order setting hearing | | |
| 12 | 27 13 | Letter from deft. | | |
| 2 | 24 14 | Final pretrial, voir dire, jury seated and sworn, instruction. OK'md | | |
| 2 | 25 14 | indictment presented, P plea: NG, State's opening statement, D's opening statement. OK'md | | |
| | | State's evid, State rests, D's evidence. OK'md | | |

118

| DATE OF ORDERS Month/Day/Year | | ORDERS OF THE COURT | MINUTE BOOK VOL. | PAGE |
|---|---|---|---|---|
| 01 26 | 14 | Δ sworn, State's witnessed, State closes, Δ close. Charge conference. Court charges the jury. Argument of counsel, jury retire to deliberate, jury returns a verdict of guilty, jury recessed to punish. Opening statement + punishment, State's evidence, State rests, Δ rests, State closes and objections the charge, Court charges the jury, arguments of counsel jury retires to deliberate | | |

119

CAUSE NO. _____

| DATE OF ORDERS Month/Day/Year | | | ORDERS OF THE COURT | MINUTE BOOK VOL. PAGE | |
|---|---|---|---|---|---|
| 1 | 16 | 14 | Subpoena issued | | |
| 1 | 23 | 14 | Subpoena issued | | |
| 2 | 24 | 14 | Deft's election as to punishment | | |
| 2 | 24 | 14 | change in status | | |
| 2 | 24 | 14 | Judgment entered | | |
| 2 | 24 | 14 | trial court cert | | |
| 2 | 24 | 14 | paupers oath | | |
| 2 | 24 | 14 | Order of the court | | |
| 3 | 19 | 14 | Bill of costs | | |
| 3 | 19 | 14 | pen pack sent to SO | | |

120



**Lois Rogers**
**Smith County District Clerk**

Smith County Courthouse
100 N. Broadway, Room 204
Tyler, Texas 75702

(903) 535-0666
Fax (903) 535-0683
TTY/TDD (903) 535-0675

I,  Lois Rogers,  Clerk of  the  114TH DISTRICT COURT  of Smith

County, Texas, do hereby certify that the documents contained in this

record to which this  certification  is attached are all of the documents

specified by Texas Rule of Appellate Procedure 34.5(a)  and all other

documents timely requested by a party to this proceeding under Texas

Rule of Appellate Procedure 34.5(b).


Given under my hand and seal at my office in Tyler, Smith County, Texas

this 26th day of March     ,2014 .


Lois Rogers, Smith County District Clerk


BY: **/S/ LINDA RHYMES**
Deputy, **LINDA RHYMES**